539 S.E.2d 60

**In the Matter of Doretha ROLLINS–WOODS, Respondent.**

**No. 25203.**

Supreme Court of South Carolina.

Submitted Sept. 25, 2000.

Decided Oct. 23, 2000.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

Doretha Rollins–Woods, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR.[1] In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law for ninety (90) days. She also consents to refund attorney's fees to client Gainey and is willing to refund monies to any client able to document that fees are owed or go before the Resolution of Fee Disputes Board for resolution of any fee dispute. Respondent further agrees, prior to resuming practice, to attend six to twelve hours of continuing legal education courses in law office management or to complete a program approved by the South Carolina Bar which covers similar matters. We accept the agreement. The facts as admitted in the agreement are as follows.

---

1. Respondent has been under administrative suspension since February 1, 1998 for non-payment of license fees. On December 9, 1999, she was placed on incapacity inactive status. *In the Matter of Rollins–Woods*, 337 S.C. 609, 525 S.E.2d 245 (1999).

## *Facts*

Respondent failed to communicate adequately with certain clients including failing to provide them with her new address when she moved out of state. She also failed to communicate with three bankruptcy clients resulting in the filing of a report with the Office of Disciplinary Counsel by an employee of the Office of the United States Trustee. Of these three clients, respondent failed to complete work for one, and failed to timely return the client file to another. She failed to notify several clients of her administrative suspension from the practice of law or of her change of address to North Carolina and failed to advise them to secure other counsel. She also failed to return their client files or to notify the clients as to how to obtain their files. Lastly, respondent failed to respond to the Notice of Full Investigation as to one of the complaints filed against her.

## *Law*

By her conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(5)(engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); Rule 30 (duties following an administrative suspension).

Respondent has also violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.15 (a lawyer shall hold property of clients that is in a lawyer's possession in connection with a representation separate from the lawyer's own property; a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property); Rule 8.4(a) (violation of the Rules of Professional Conduct); Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice). Finally, respondent failed to cooperate with the Commission on Lawyer Conduct by failing to respond to a

Notice of Full Investigation. *In the Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982).

### Conclusion

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for ninety (90) days. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.

TOAL, C.J., MOORE, WALLER, BURNETT, and PLEICONES, JJ., concur.