481 S.E.2d 702

**In the Matter of Verdell BARR, Respondent.**

**No. 24582.**

Supreme Court of South Carolina.

Submitted Dec. 30, 1996.
Decided Feb. 18, 1997.

Attorney General Charles Molony Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., Columbia, for complainant.

Desa Ballard of Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent has submitted a conditional admission and agrees to be suspended from the practice of law for two years, retroactive to the date of his temporary suspension. We accept the conditional admission.

## The Smith Matter

On June 3, 1993, respondent received insurance proceeds of $30,000 in settlement of a claim made on behalf of his client Janet Smith. The following day, respondent distributed $5,500 of that money to Ms. Smith and retained $10,000 in attorney's fees and $462 in costs. A balance of $14,038 remained from the proceeds.

Respondent misappropriated the remaining balance of the proceeds. His trust account balance was below this amount on 125 occasions from July 22, 1993, through January 26, 1995. On April 19, 1994, the account balance was as low as $196.27.

On April 3, 1995, respondent paid Ms. Smith $14,038 from his trust account. However, he was unable to account for the source of these funds for repayment other than claiming that it was from attorney's fees that he allowed to accumulate in the trust account. Further, even though respondent repaid the entire sum to Ms. Smith, he failed to respond to a number of letters from Medicaid, which he admits had a subrogation claim of approximately $14,000 that both he and Ms. Smith were legally obligated to pay.

## The Goodwin Matter

Dorothy Goodwin retained respondent to represent her in an action arising from an automobile accident. On June 25, 1992, respondent received a settlement check from Nationwide Insurance on Ms. Goodwin's behalf in the amount of $4,850. The check was deposited into respondent's operating account.

On July 27, 1992, the operating account balance had a deficit of $189. However, none of the funds from the operating account had been paid to Ms. Goodwin or her medical providers, nor had any funds been transferred from that account to his trust account for that purpose.

From June 25, 1992, through April 3, 1996, respondent made payments to Ms. Goodwin and her medical providers totaling $3,192. During this time period, two of Ms. Goodwin's medical providers made numerous requests for payment; however, one provider was not paid until January 10, 1996, and the other was not paid until April 3, 1996. Despite the fact that respondent had originally deposited these funds into

his operating account, he made all payments from his trust account and did not transfer any funds from his operating account to the trust account to cover these payments. After allowing respondent $1,658 in fees and expenses, $50.50 remained due to Ms. Goodwin and her medical providers.

### Trust Account Matters

Respondent's trust account had overdrafts on fourteen occasions between August 24, 1992, and November 3, 1992.

By his conduct, respondent has violated the Rules of Professional Conduct, Rule 407, SCACR, by failing to act with reasonable diligence and promptness in representing a client (Rule (1.3)); by failing to keep a client reasonably informed about the status of a matter and comply promptly with reasonable requests for information (Rule 1.4(a)); by commingling client funds with non-client funds (Rule 1.15(a)); by failing to promptly deliver to a client or third person funds that the client or person was entitled to receive (Rule 1.15(b)); by failing to promptly render a full accounting regarding property of the client or third person (Rule 1.15(b)); by misappropriating client funds for other purposes (Rules 8.4(b), (c), & (d)); and by engaging in conduct that is prejudicial to the administration of justice (Rule 8.4(e)). Additionally, he has violated the Rules on Disciplinary Procedure, Rule 413, SCACR, by violating the Oath of Office taken upon admission to the practice of law (Paragraph 5(A)) and by engaging in conduct tending to bring the legal profession into disrepute and demonstrating his unfitness to practice law (Paragraph 5(D)).

Accordingly, we suspend respondent from the practice of law for two years, retroactive to the date of his temporary suspension, August 23, 1996. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR. In addition to all other requirements respondent must meet to be reinstated under Rule 413, SCACR, no petition for reinstatement shall be accepted until respondent has filed proof that he has made full restitution to all institutions and individuals who have lost money as a result of his fraudulent acts or mishandling of trust funds, to include

restitution to the Lawyer's Fund for Client Protection for any payment it may make.

DEFINITE SUSPENSION.