605 S.E.2d 536

**In the Matter of Verdell BARR, Respondent.**

**No. 25890.**

Supreme Court of South Carolina.

Submitted Oct. 11, 2004.

Decided Nov. 8, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Verdell Barr, of Kingstree, pro se.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

On April 26, 2001, respondent was appointed to represent Client A in a post-conviction relief action. At the time of his appointment, respondent and his law partner had agreed that respondent would handle appointments in domestic cases and his partner would handle appointments in post-conviction relief cases. Respondent referred the appointment of Client A to his law partner without notifying Client A or opposing counsel and without seeking substitution of counsel from the court.

Respondent's partner mistakenly believed Client A was no longer incarcerated because he saw someone matching Client A's description in town. The partner erroneously assumed Client A was no longer in need of post-conviction relief. In fact, Client A remained incarcerated.

From the date of respondent's appointment in April 2001 until January 2002, no action was taken on behalf of Client A. On January 2, 2002, respondent's partner wrote the Office of the Attorney General inquiring about the status of the matter. On March 11, 2002, Client A wrote respondent asking for contact from him and seeking information about his case. Neither respondent nor his partner took further action.

On April 18, 2002, respondent was notified by Disciplinary Counsel that Client A had filed a grievance against him. Respondent was given fifteen days to respond to the allegations. After no response was received, Disciplinary Counsel sent a second letter on May 7, 2002, pursuant to *In the Matter*

*of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response. On May 16, 2002, respondent replied that his partner had agreed to handle the matter and that Client A had been seen in public. He sent a copy of his response to Client A.

On May 24, 2002, Client A wrote respondent confirming he was still incarcerated. In that letter, Client A requested information about his case and documents from his file.

On June 17, 2002, respondent's partner wrote Client A and asked for his consent for substitution of counsel. Client A confirmed his consent to this arrangement. No request for substitution of counsel was filed with the court.

On August 6, 2002, respondent resumed his representation of Client A. He represented him at his hearing and filed a notice of appeal after his post-conviction relief application was denied. Respondent subsequently referred the appeal to the Office of Appellate Defense which is now responsible for the representation.

## *Matter II*

Respondent was retained to represent Client B in connection with a dispute over the purchase of a vehicle. Respondent filed a lawsuit on Client B's behalf and ultimately negotiated a favorable settlement. The settlement was entered on the record before the presiding judge in February 2001. Respondent prepared a consent order, however, Client B subsequently requested modifications to the terms of the settlement agreement. Respondent consulted with the judge. The judge was unwilling to change the terms of the settlement. Client B then refused to sign the consent order or pay respondent's outstanding fees and costs.

Client B alleged respondent had a conflict of interest, claiming respondent had a personal and professional relationship with the opposing party which he had not disclosed. Investigation revealed no evidence of a conflict of interest nor any evidence that respondent provided anything but competent and diligent representation to Client B.

However, upon termination of representation, respondent failed to promptly comply with requests from Client B and

Client B's new counsel for the client file. Client B's telephone bills show twenty-three telephone calls to respondent's office from May 2001 to January 2002. Client B also sent two certified letters, delivered to respondent on March 19, 2002 and June 24, 2002. It was not until January 2004 that respondent sent the file to Client B's new attorney.

Respondent failed to timely respond to Disciplinary Counsel's inquiries in this matter.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 1.16 (upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect a client's interests, such as surrendering papers to which client is entitled); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); Rule 8.1(b) (lawyer shall not fail to respond to lawful demand for information from disciplinary authority); and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to a lawful demand from a disciplinary authority).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Disci-