730 S.E.2d 319

### In the Matter of Verdell BARR, Respondent.

### No. 27144.

Supreme Court of South Carolina.

Submitted May 25, 2012.

Decided July 18, 2012.

Appellate Case No.2012–211952.

Disciplinary Counsel Lesley M. Coggiola and Assistant Disciplinary Counsel Ericka McCants Williams, both of Columbia, for Office of Disciplinary Counsel.

Verdell Barr, pro se, of Kingstree, Respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a confidential admonition or public reprimand. In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of

imposition of a sanction and to complete the Legal Ethics and Practice Program Ethics School within six (6) months of the imposition of a sanction. Noting respondent's prior disciplinary history, we accept the Agreement and issue a public reprimand.[1] Further, we order respondent to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion and to complete the Legal Ethics and Practice Program Ethics School within six (6) months of the date of this opinion. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Respondent represented Complainant A in a post-conviction relief (PCR) matter. On October 14, 2008, respondent notified Complainant A that his PCR application had been denied. On November 18, 2008, respondent sent Complainant A a copy of the Order of Dismissal. Complainant A wrote respondent a letter requesting he file an appeal on his behalf. Respondent admits he failed to file the appeal despite the request and asserts his failure to file the appeal was an inadvertent error. Respondent later assisted Complainant A in obtaining a belated review of the order denying Complainant A's PCR action.

### Matter II

Complainant B retained respondent to probate her husband's estate. Respondent admits that he failed to diligently pursue the probate of the estate. After Complainant B released respondent from representation, respondent released Complainant B's file to Complainant B's new attorney and

---

1. In 1997, this Court definitely suspended respondent from the practice of law for two (2) years, retroactive to August 23, 1996, the date of his temporary suspension, with conditions for reinstatement (i.e., full restitution). *In the Matter of Barr*, 325 S.C. 240, 481 S.E.2d 702 (1997). He was reinstated by this Court in 1999. *In the Matter of Barr*, 335 S.C. 550, 518 S.E.2d 39 (1999). On November 8, 2004, this Court publicly reprimanded respondent. *In the Matter of Barr*, 361 S.C. 399, 605 S.E.2d 536 (2004).

forwarded a check representing the entire retainer to the new attorney.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); and Rule 1.4 (lawyer shall lawyer shall promptly inform client of any decision or circumstance with respect to which client's informed consent is required, reasonably consult with the client about means by which client's objectives are to be accomplished, and keep client reasonably informed about status of matter).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct, Rule 407, SCACR).

### *Conclusion*

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. In addition, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion and complete the Legal Ethics and Practice Program Ethics School within six (6) months of the date of this opinion. Respondent shall provide proof of his completion of the Legal Ethics and Practice Program Ethics School to the Commission no later than ten (10) days after the conclusion of the program.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.