659 S.E.2d 110

**In the Matter of Thurmond BROOKER, Respondent.**

No. 26454.

Supreme Court of South Carolina.

Submitted Feb. 4, 2008.

Decided March 10, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Thurmond Brooker, of Florence, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a confidential admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter A

Respondent filed a summons and complaint on behalf of a plaintiff in a lawsuit, but performed no other work on the case thereafter. Respondent maintains he did not represent the plaintiff, but filed the summons and complaint on the plaintiff's behalf because she was a friend. However, the plaintiff believed respondent represented her and relied upon him to follow through with the action. When the plaintiff informed

respondent she was no longer interested in his services, respondent offered the plaintiff $1,300. Respondent maintains the money was offered to the plaintiff to assist her in hiring a lawyer to represent her in the lawsuit and because he felt bad that she was not satisfied with his assistance in the case.

Respondent failed to respond or otherwise communicate with ODC when ODC notified him of the disciplinary complaint filed by the plaintiff. Respondent eventually responded to ODC, after being sent a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), and over three months after the deadline set forth in ODC's original request for a response.

## Matter B

Respondent was retained to represent two minors in personal injury cases. The mother (Mother) of the minors signed retainer agreements on behalf of the minors, which stated respondent would investigate the matters to determine whether the clients could recover in the matters, but if he determined they could not, he reserved the right to withdraw from representation upon written notification to the clients. Respondent maintains he reviewed the cases and determined they were not legally sufficient for a lawsuit; therefore, he did not file a lawsuit in either case and subsequently closed his file on the cases.

Mother alleges respondent failed to keep her informed of the status of the cases and failed to respond to her requests for information for over one year. Respondent states he does not recall whether he notified Mother of his decision regarding the merits of the cases nor does he recall advising her of his decision to close his file on both cases. Respondent has provided no evidence that he notified Mother in writing of his decision in either case. Respondent's failure to notify the minors and Mother of his decision not to file suit in their cases denied them the right to make an informed decision regarding the pursuit of their cases because the statute of limitations had expired in both cases by the time Mother learned of respondent's decision.

## Matter C

ODC notified respondent, by letter dated February 12, 2007, of a complaint against him, and asked respondent to respond within fifteen days. On March 6, 2007, not having received a response, ODC sent respondent a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response. Respondent failed to respond, and on May 2, 2007, ODC served respondent with a notice of full investigation requesting a written response within thirty days. Respondent's letter of response, dated June 2, 2007, was received by ODC on June 7, 2007, over three months after the deadline in ODC's original request. ODC ultimately determined the allegations in the complaint were without merit.

## Law

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); Rule 1.8(e) (a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.1(b) (a lawyer, in connection with a disciplinary matter, shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent further admits his misconduct constitutes grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (it shall

be a ground for discipline for a lawyer to violate the Rules of Professional Conduct).

### *Conclusion*

We find respondents misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.