680 S.E.2d 776

**In the Matter of Derwin Thomas BRANNON, Respondent.**

**No. 26687.**

Supreme Court of South Carolina.

Submitted June 12, 2009.

Decided July 13, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Hervery B.O. Young, of Clinton, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction within Rule 7(b), RLDE, Rule 413, SCACR. He requests that, if the Court imposes a suspension, the suspension be made retroactive to April 30, 2008, the date of his interim suspension. *In*

*the Matter of Brannon,* 377 S.C. 474, 661 S.E.2d 98 (2008). We accept the agreement and impose a one year suspension, retroactive to the date of respondent's interim suspension. The facts, as set forth in the agreement, are as follows.

## *FACTS*

### *Matter I*

Respondent was retained to represent Complainant A in an automobile accident case where Complainant A had previously received a settlement offer of $11,000.00 from the insurance company. Respondent failed to file suit prior to the expiration of the statute of limitations. Respondent admits he failed to adequately communicate with Complainant A regarding the case both before and after the statute of limitations expired.

By letter from ODC dated October 15, 2007, respondent was notified of the complaint in this matter. He did not file a response within fifteen (15) days, as requested; instead, he asked ODC for a fifteen (15) day extension of time in which to file a response. ODC agreed to the extension, giving respondent until November 14, 2007, to respond to the complaint. No response was received. On December 11, 2007, ODC sent respondent a letter pursuant to *In the Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response. Respondent failed to respond or otherwise communicate with ODC.

On February 19, 2008, respondent was served with a Notice of Full Investigation requesting a response within thirty (30) days. Respondent did not respond within thirty (30) days. Respondent filed a response to the Notice of Full Investigation on May 16, 2008, almost two months after his response was due.

### *Matter II*

In September 2007, Complainant B retained respondent for representation in a civil matter. Complainant B paid respondent a $5,000.00 retainer fee. Respondent admits he failed to keep Complainant B reasonably informed regarding the status of her case and failed to return or respond to her numerous telephone calls, pages, and emails.

On October 30, 2007, respondent told Complainant B that he had not done any work on her case. He promised to write a demand letter to the defendant's lawyer by the end of the week, but failed to do so.

Respondent instructed his staff to cancel his November 15, 2007, appointment with Complainant B two hours prior to the scheduled meeting. Respondent's staff promised Complainant B that respondent would telephone her later on November 15, 2007, after he spoke with defense counsel. Respondent did not contact Complainant B on November 15, 2007, as promised, and, as of December 12, 2007, he still had not made any contact with Complainant B.

On February 19, 2008, respondent was served with a Notice of Full Investigation requesting a response within thirty (30) days. Respondent failed to respond to the Notice of Full Investigation prior to the expiration of the thirty (30) day period. Respondent filed a response on May 16, 2008, almost two months after his response was due.

## Matter III

On March 19, 2008, respondent was mailed a Notice to Appear before Disciplinary Counsel on April 22, 2008, at 10:00 a.m., in reference to Matter I and Matter II. He was also mailed a subpoena commanding him to bring client files in Matter I and Matter II.

Respondent failed to appear on April 22, 2008, and failed to communicate with Disciplinary Counsel regarding his scheduled appointment. Respondent also failed to produce the subpoenaed information on or before April 22, 2008, and, thereby, failed to comply with the subpoena.

## Matter IV

On April 17, 2006, respondent issued a check to a client in the amount of $2,500.00 as partial reimbursement of the client's retainer fee. The balance in respondent's trust account (Account One) per the April 30, 2006 bank statement was $31,344.00.

The following year, respondent opened a new trust account (Account Two) with a different bank. Other than allowing

outstanding checks to clear Account One, respondent ceased using Account One and began using Account Two as his active trust account. The client attempted to cash the check written on Account One, but was unable to cash the check due to insufficient funds in Account One. Respondent admits he failed to maintain an accurate accounting and financial record of the funds remaining in Account One and that he failed to properly reconcile his account to insure that sufficient funds remained in Account One to satisfy all outstanding checks written on that account.

## *LAW*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of client); Rule 1.15 (lawyer shall safeguard client funds); Rule 8.1(b) (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). In addition, respondent admits that his actions constitute grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to willfully fail to appear personally as directed, willfully fail to comply with a subpoena issued under the RLDE, or knowingly fail to respond to a lawful demand from a disciplinary authority to include a request for a response or appearance under Rule 19, RLDE).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for one (1) year,

retroactive to the date of his interim suspension. In addition, pursuant to the agreement, respondent shall pay the costs incurred by ODC and the Commission on Lawyer Conduct within thirty (30) days of the date of this opinion. Within fifteen (15) days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.