**21682**

In the Matter of Patrick E. TREACY, Respondent.
(290 S. E. (2d) 240)

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Patrick E. Tracy, pro se.*

April 1, 1982.

*Per Curiam:*

This matter, involving Respondent, Patrick E. Treacy, a practicing attorney in South Carolina, is before the Court for final action because a Hearing Panel and the Executive Committee of the Board of Commissioners on Grievances and Discipline found him guilty of misconduct as defined in the Rule on Disciplinary Procedure for attorneys. Both the Panel and the Board recommended that the Respondent be publicly reprimanded.

The Complaint filed against the Respondent alleges, in essence, that a Mr. Jackle paid him $500 to pursue the matter of recovering an amount in dispute held by the South Carolina Savings and Loan Association. It alleges that he ". . . failed to undertake any actions to recover the disputed sum and, therefore, neglected a legal matter entrusted to him in violation of the Code of Professional Responsibility and the rule on Disciplinary Procedure."

Respondent represented Mr. Jackle incident to a foreclosure proceeding which was avoided when Jackle found an advantageous purchaser for mortgagor's premises.

In effecting the sale and transfer and in paying off the mortgage loan, certain items of costs came in dispute. It was agreed that an amount be held in escrow such that the sale could be consummated and the escrow amount litigated. For the purpose of pursuing and settling the dispute, it is admitted that Respondent accepted from Mr. Jackle a $500 attorney fee.

The closing was on August 27, 1976. Mr. Jackle thereafter moved to the State of Florida. The Respondent having refused to communicate with his client concerning the status of the suit, Mr. Jackle procured an attorney in Miami, Florida to pursue the matter, requesting an accounting of the money held in escrow, as well as the status of the claim. Respondent did not reply and on July 18, 1980, Mr. Jackle filed a Complaint with the Board of Commissioners on Grievances and Discipline. At the hearing before the Panel, Respondent testified that he did three things: (1) phoned the Federal Trade Commission, (2) contacted the Consumer Affairs Office, and (3) phoned the law firm of Hammer and Hammer, which was apparently handling a class action suit against several savings and loan associations. The result of the class action would not settle the escrow dispute.

Assuming without so deciding, that this uncorroborated testimony is true, it cannot be seriously argued that the Respondent did anything meaningful which might be calculated to assist his client. He did attempt to schedule a hearing on October 20, 1976, before Judge Cobb, who had no jurisdiction in the matter, but Respondent never appeared at the appointed time.

Respondent admits that he has not returned all or any part of the fee which he took from Mr. Jackle. Rule 6-101(A)(3) states that "a lawyer shall not: . . . Neglect a legal matter entrusted to him." We are in full agreement with both the Panel and the Executive Committee that the Respondent has completely failed to perform his duty to his client and by doing so is guilty of misconduct, warranting the sanction of this Court.

When the Board of Commissioners on Grievances and Discipline attempted to pursue this matter with the Respondent (as a result of Mr. Jackle's complaint) he ignored the Commission. The Panel report contains the following:

Additionally, it appears that the Respondent neglected numerous attempts by the Board of Commissioners on Grievances and Discipline to cooperate in the investigation of this complaint. By letter dated July 28, 1980, the Chairman of the

Board of Commissioners notified the Respondent by mail of the Complaint brought against him and requested a response to be filed within ten (10) days to the local investigating member of the Board. On August 14, 1980, the investigating Board member wrote to the Respondent requesting a response to be filed by August 19, 1980, inasmuch as no response had been received. Again on August 24, 1980 the investigating Board member requested the Respondent to reply to the allegations by August 27, 1980. Having received no response, the investigating Board member contacted the Chairman by letter dated September 4, 1980, indicating that he had tried to reach Respondent by telephone and by letter and that no answer had been received. On September 5, 1980, the Respondent was notified that he should respond in writing in five (5) days from the receipt of the letter or he would be subpoenaed to appear before the Executive Committee. The Respondent again ignored this request to cooperate and on September 12, 1980, the Respondent was notified to appear before the Executive Committee on September 26, 1980. The Respondent did appear before the Executive Committee and by letter of September 29, 1980, he was notified that a response was to be filed with the investigating Board member by October 3, 1980. A reply was received for the first time in the mail on October 4, 1980 and was dated October 3, 1980.

After receiving the initial response from the Respondent, the investigating Board member on October 13, 1980, by letter requested that the Respondent provide additional documentation. The Respondent did not comply or respond to this request.

The Respondent was granted the right to practice law in South Carolina by the Supreme Court. Both the Hearing Panel and the Executive Committee, as well as the Commission itself serve as arms of this Court. Failure to respond to any of these is the equivalent of a refusal to respond to the Supreme Court. We look with disdain upon the attitude of the Respondent towards those who were charged with the duty of investigating the Complaint of Mr. Jackle. His lack of respect for constituted authority is consistent with his lack of understanding of his duty to his client. His action and lack

of action in dealing with the Board of Commissioners is clearly misconduct unbecoming an attorney and is reason for sanction.

In the handling of the Jackle matter, Respondent by his own admissions is clearly guilty of malpractice. It is the order of this Court that the Respondent, Patrick E. Treacy, return the $500 fee to Mr. Jackle. He shall, within thirty (30) days from notice of the filing of this order, supply to the Clerk of this Court Mr. Jackle's receipt, sworn to by the Respondent, and failure to so do shall be treated as a contempt of Court. It is obvious that Mr. Jackle has suffered other damages and repayment of the $500 fee should not be interpreted as a settlement of any other claims which Mr. Jackle may have against the Respondent.

Having found the Respondent guilty of misconduct, it now becomes the duty of the Court to apply an appropriate sanction. It is the province of this Court to make the final determination. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960). We are of the opinion that the Respondent, Patrick E. Treacy, should be, and is, hereby indefinitely suspended from the practice of law in South Carolina. He shall, within five (5) days from the notice of the filing of this order, return his certificate to the Clerk of this Court.

The Respondent did not appear at the time and place designated by this Court for a hearing in this matter. His excuse for not appearing was received by the Clerk of this Court after the hearing had been held. His neglect in attempting to make a timely showing is consistent with the attitude he has exhibited throughout these proceedings.

HARWELL, J., disssents.

HARWELL, Justice (dissenting):

I disagree with the majority as to the appropriate sanction to be imposed. Both the Panel and Board recommended that the respondent be publicly reprimanded. I would accept their recommendation and publicly reprimand the respondent.