569 S.E.2d 370

**In the Matter of William Koatesworth SWOPE, Respondent.**

**No. 25522.**

Supreme Court of South Carolina.

Submitted July 30, 2002.
Decided Aug. 26, 2002.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an admonition or a public reprimand. We accept the agreement and publicly reprimand respondent.

## Facts

### I. Failure to Timely Comply with Deferred Disciplinary Agreement

On August 17, 2001, respondent admitted minor misconduct in a probate matter and entered into a Deferred Disciplinary Agreement with the Commission on Lawyer Conduct. The agreement required respondent to meet certain obligations to the client and submit an affidavit of compliance to the Office of Disciplinary Counsel. Respondent failed to timely comply with the obligations and failed to timely submit the required affidavit. Respondent has since complied with the agreement.

### II. Failure to Cooperate with Office of Disciplinary Counsel

The Office of Disciplinary Counsel notified respondent of complaints filed in two separate matters. Respondent provid-

ed a response in one matter only after a second request from the Office of Disciplinary Counsel. Thereafter, respondent failed to respond to a request for documentation. Respondent cooperated with the Office of Disciplinary Counsel after receiving a Notice of Full Investigation.

In the second matter, the Office of Disciplinary Counsel never received a response from respondent even after sending him a *Treacy*[1] letter and a Notice of Full Investigation. Respondent filed a timely answer to Formal Charges filed in the matter and has cooperated with the Office of Disciplinary Counsel and the Commission on Lawyer Conduct since that time.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.1 (knowingly failing to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice). Respondent also admits that he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct) and Rule 7(a)(3) (knowingly failing to respond to a lawful demand from a disciplinary authority).

### Conclusion

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).