**In the Matter of Kay F. PASCHAL, Respondent.**

**No. 25727.**

Supreme Court of South Carolina.

Submitted Aug. 29, 2003.
Decided Sept. 29, 2003.

Henry B. Richardson, Jr., and Barbara M. Seymour, both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard and Jason B. Buffkin, both of West Columbia, for Respondent.

PER CURIAM.

Respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to accept an admonition or a public reprimand. We accept the agreement and issue a public reprimand.[1] The facts, as set forth in the agreement, are as follows.

## Facts

### I. *Failure to Respond to Disciplinary Counsel Matter*

Respondent failed to timely respond to inquiries from Disciplinary Counsel during an investigation into a complaint against respondent. Respondent did not respond to a letter from Disciplinary Counsel informing respondent of the complaint or to a letter from Disciplinary Counsel sent pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), which again requested a response to the allegations in the complaint. Respondent did not file a written response to the allegations until after she was served with a Notice of Full Investigation.

During the initial investigation, respondent was experiencing difficulty receiving mail sent to her home office. Respondent failed to take reasonable steps to ensure that she was receiving mail at that address, which was listed with the South Carolina Bar and this Court.

---

1. Respondent has previously received a private reprimand and a letter of caution for similar but unrelated violations of the Rules of Professional Conduct.

18

## II. *Continuing Legal Education (CLE) Matter*

Respondent failed to keep accurate records of the time she spent attending continuing legal education seminars in 2001 and 2002. As a result, respondent inadvertently claimed full credit for a CLE seminar that was actually cut short when one of the scheduled speakers was unable to attend. Following an audit by the Commission on Continuing Legal Education and Specialization, respondent was administratively suspended for nine days until she completed and reported sufficient CLE hours to meet her annual requirement.

## III. *Contract Dispute Matter*

Respondent was retained to represent a client in connection with a contract dispute with a builder. When settlement negotiations were unsuccessful, the client agreed to pursue the matter with litigation. After filing a complaint, respondent gave her client file to another attorney to review for possible association on the case. Respondent did not retain a copy of the file. The other attorney did not accept the case and respondent never retrieved her client file. In addition, because respondent failed to properly serve the builder with the complaint, the lawsuit was dismissed for lack of service. Respondent did not inform the client of the dismissal or that her file had been sent to another attorney. The client learned of the dismissal by calling the clerk of court, who she contacted after thirteen telephone calls to respondent went unreturned. By the time the client learned of the dismissal, the statute of limitations had expired on her claims against the builder.

### *Law*

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, keep the client reasonably in-

formed about the status of the matter, and promptly comply with reasonable requests for information); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent's misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to fail to respond to a lawful demand from a disciplinary authority including a request for a response); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

### *Conclusion*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for her actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur. MOORE, J., not participating.