619 S.E.2d 434

**In the Matter of Robert J. CANTRELL, Respondent.**

No. 26034.

Supreme Court of South Carolina.

Submitted Aug. 2, 2005.

Decided Aug. 29, 2005.

Rehearing Denied Sept. 29, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Charles W. Whiten, Jr., of Anderson, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent

admits misconduct and consents to the imposition of a two year suspension from the practice of law. We accept the Agreement and impose a two year suspension from the practice of law. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

In or about October 2001, respondent was retained by Clients A and B to represent them in a bankruptcy proceeding. In March 2003, Clients A and B scheduled an appointment with respondent to sign documents related to their case. When Clients A and B arrived for their appointment, respondent informed them that, due to personal problems, their documents were not ready to be signed. Respondent asked the clients to return the following day. Clients A and B returned the following day and the documents were signed without further incident. Subsequent to signing the documents, there was a considerable period of time in which Clients A and B either failed to receive any information from respondent or were given incorrect information by respondent's staff.

By letter dated April 3, 2003, ODC notified respondent of the complaint Clients A and B had filed against him and the fifteen (15) day time period in which to file a response. After no response was received before the stated deadline, ODC sent an additional letter to respondent pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Ultimately, respondent submitted a response. Respondent admits he was less than timely in communicating with the Attorney to Assist Disciplinary Counsel. Respondent concedes that, during this period, he was under significant stress from an ongoing custody action with his ex-wife and that he was resorting to an improper use of alcohol to cope with his problems.

### Matter II

Respondent was the plaintiff in a family court action. Respondent was present for the November 11, 2002 hearing during which the family court ordered both respondent and

the defendant to submit to hair strand drug tests and to produce the results of the tests within ten (10) days. Respondent did not submit to his drug test until December 9, 2002, in violation of the court's order. The results of the December 9, 2002 test noted respondent tested positive for cocaine. The defendant filed a rule to show cause. On June 20, 2003, the family court found respondent in willful contempt of the court's November 11, 2002 order by his failure to submit to a hair strand drug test within ten (10) days of the date of the order.

## Matter III

On or about October 31, 2002, respondent filed a Chapter 13 bankruptcy action on behalf of a client. Subsequent to the filing, respondent took over representation of the client's ongoing worker's compensation case. On or about January 3, 2003, the bankruptcy trustee filed a Petition to Dismiss the bankruptcy action due to nonpayment.

On or about January 27, 2003, respondent assisted his client in obtaining a loan from the complainant in this matter. The loan was to be repaid through the proceeds of the worker's compensation action. Respondent submitted the loan application to the complainant on behalf of respondent and his client. Respondent failed to notify the complainant of the client's bankruptcy filing at the time he submitted the loan application. Although the client's bankruptcy action was ultimately dismissed, respondent actively assisted his client in obtaining a personal loan without making full disclosure of all relevant financial information.

## Matter IV

On or about September 3, 2003, respondent was arrested and charged with trespass after notice. The homeowner, respondent's step-daughter, contacted law enforcement after respondent refused to leave her residence. When law enforcement arrived, respondent appeared intoxicated and repeated he was not going to leave. Despite several attempts by law enforcement to convince respondent to voluntarily leave the premises, including enlisting the aid of respondent's wife to persuade him to leave, respondent refused to leave. Leaving

no alternative, respondent was placed under arrest and transported to the detention center. Respondent represents he pled guilty to the offense of trespass and paid a small fine.

## Matter V

In or about April 2003, respondent was retained to handle a bankruptcy claim. After a confirmation hearing in August 2003, respondent's clients began making payments to the trustee. The clients were assured that everything was in order, although respondent represents he informed the clients that the trustee had recommended that certain changes be made to the Chapter 13 plan. Respondent admits there was a breakdown in communications between himself and his clients and that he failed to ensure that his clients had a complete and full understanding of their case.

## Matter VI

In or around 2001, respondent represented a client in a domestic action. The client resided in North Carolina. Respondent made an appearance on behalf of the client at a hearing in North Carolina. At the time of the hearing, respondent was not licensed to practice law in North Carolina.

## Matter VII

Aware that ODC was investigating his conduct, respondent removed several file cabinets containing numerous client files from his office and stored them at his residence. After respondent was placed on interim suspension,[1] the attorney to protect respondent's clients' interests (APCI) contacted respondent to take possession of his client files. Initially, respondent did not turn over the client files stored at his residence. When the APCI discovered that respondent may have been keeping client files at his residence, the APCI informed respondent he must immediately turn over all client files. Respondent provided several excuses why he could not produce the files until a later date. Eventually, respondent provided the APCI with the additional client files. Upon

---

1. On September 23, 2003, respondent was placed on interim suspension. *In the Matter of Cantrell*, 360 S.C. 325, 600 S.E.2d 902 (2003).

information and belief, respondent provided all client files in his possession to the APCI.

Respondent represents that a significant factor during the period of time of his misconduct was his very contentious divorce and custody action with his first wife. Respondent represents that before and/or during this marital discord, he hired an employee as his paralegal and office manager.[2] Respondent admits he allowed this employee to control every aspect of his law office, including but not limited to, relinquishing authority to make decisions regarding the representation of his clients.

## LAW

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(2) (it shall be a ground for discipline for a lawyer to engage in conduct in violation of the applicable rules of professional conduct of another jurisdiction), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(7) (it shall be a ground for discipline for a lawyer to willfully violate a valid court order issued by a court of this state). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall promptly deliver property that third party is entitled to receive); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); Rule 3.4 (lawyer shall not knowingly disobey an obligation under the rules of a tribunal); Rule 4.1 (in the course of representing a client, a lawyer shall

---

2. This employee became respondent's second wife.

not fail to disclosed a material fact to a third person when disclosure is necessary to avoid assisting a fraudulent act by a client); Rule 5.5 (lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction); Rule 8.1 (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (lawyer shall not violate the Rules of Professional Conduct); Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyers honesty, trustworthiness, or fitness as a lawyer in other respects); Rule 8.4(c) (it shall be professional misconduct for a lawyer to engage in conduct involving moral turpitude); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a two year definite suspension from the practice of law. During the suspension, respondent shall continue to participate in any counseling and/or treatment recommended by his psychologist. Respondent's psychologist shall submit quarterly evaluations of respondent's progress to ODC throughout the duration of the suspension. In addition, if respondent seeks reinstatement to the practice of law, he shall submit a report from his psychologist to ODC which addresses his mental fitness to resume the practice of law. This report shall be submitted to ODC at least sixty (60) days prior to filing any petition for reinstatement. Respondent's request that the suspension be applied retroactively to the date of his interim suspension is denied. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.