698 S.E.2d 625

**In the Matter of Frank E. THOMSON, Respondent.**

No. 26872.

Supreme Court of South Carolina.

Submitted July 26, 2010.

Decided Aug. 23, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Frank E. Thomson, of Charleston, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of an admonition or public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

On April 30, 2009, Client A retained respondent to make changes to an operating agreement for Client A's company. Client A paid respondent a $1,000.00 retainer. Respondent failed to keep Client A reasonably informed regarding the status of the matter and also failed to promptly comply with Client A's reasonable requests for information.

On August 6, 2009, Client A terminated respondent's representation and requested a refund of her retainer fee. Respondent failed to timely refund that portion of Client A's fee which had not yet been earned.

By letter dated August 26, 2009, ODC informed respondent of Client A's complaint and requested he file a response within fifteen days. Respondent failed to respond or otherwise communicate with ODC in response to the August 26, 2009, letter.

On September 15, 2009, ODC sent respondent a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response. Respondent failed to respond or otherwise communicate with ODC following the mailing of the *Treacy* letter.

Respondent was served with a Notice of Full Investigation which required a response within thirty days. Respondent failed to respond to the Notice of Full Investigation. Respondent did make an appearance before ODC pursuant to Rule 19(c)(3), RLDE.

## *Matter II*

The South Carolina Bar Resolution of Fee Disputes Board (the Board) ordered respondent to pay Client B $500.00. Respondent failed to pay the ordered amount to the client. As a result, the Board issued a Certificate of Non–Compliance on November 19, 2009.

On February 17, 2010, ODC mailed respondent a Notice of Investigation requesting a response within fifteen days. After no response was received, ODC sent respondent a letter dated March 12, 2010, pursuant to *In the Matter of Treacy, id.,* requesting a response within thirty days. Respondent failed to make an appearance pursuant to Rule 19(c)(3), RLDE.

On or about May 5, 2010, respondent contacted ODC. He issued a written response dated May 20, 2010, which was received by ODC on May 28, 2010. Respondent represents he failed to pay the ordered fee to Client B due to personal economic hardship.

Respondent has no prior disciplinary history.

## *LAW*

Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of the Resolution of Fee Disputes Board). Further, respondent admits his misconduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 1.16 (upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect client's interests such as refunding any advance payment of fee or expense that has not been earned or incurred); Rule 8.1 (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional

misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

### CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Further, within thirty (30) days of the date of this order, respondent shall enter into a restitution plan with the Commission on Lawyer Conduct in which he shall agree to pay $1,000.00 to Client A and $500.00 to Client B. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**