707 S.E.2d 422

In the Matter of Michael Davis MOORE, Respondent.

No. 26944.

Supreme Court of South Carolina.

Submitted Feb. 17, 2011.
Decided March 21, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Erika M. Williams, Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Michael Davis Moore, of Ridgeville, pro se, Respondent.

## DEFINITE SUSPENSION

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a confidential admonition, a public reprimand, or a definite suspension not to exceed six months. Respondent also requests that any suspension be made retroactive to the date of his interim suspension.[1] ODC does not oppose that request. However, the Agreement is not conditioned upon any suspension being retroactive to the date of interim suspension. We accept the Agreement, suspend respondent from the practice of law in this state for six months, not retroactive, and impose other requirements. The facts, as set forth in the Agreement, are as follows.

### FACTS

### Matter I

A client retained respondent to assist with the probate of her deceased husband's estate. The employment contract signed by respondent and the client on November 9, 2009, provided that fees would not be less than $25,000 as a retainer. The contract also provided that respondent's time would be billed at $250 per hour, but the total fees connected with the representation would be capped at $30,000. Shortly after the estate was opened, the client terminated the representation and retained new counsel. By letter to respondent dated January 29, 2010, new counsel requested a full accounting and that a refund of the unearned portion of the retainer paid by the client be issued no later than February 15, 2010. The client also requested a refund on two separate occasions. Respondent failed to return that portion of the fee not earned by respondent, failed to provide a full and complete accounting, and failed to safely keep the client's funds in escrow until the funds were earned by respondent.

---

1. Respondent was placed on interim suspension on July 16, 2010. *In re Moore*, 388 S.C. 278, 695 S.E.2d 853 (2010).

In addition, respondent failed to respond to a Notice of Investigation or a *Treacy* letter from ODC,[2] failed to appear to respond to questions under oath as directed by ODC in a Notice to Appear, and failed to comply with a subpoena for documents.

## Matter II

Respondent was retained by a client in February 2007 to file an action on the client's behalf as a result of a land dispute. Respondent was not diligent in filing the suit and failed to keep the client reasonably informed of the status of the case.[3] The case was ultimately settled. On April 22, 2010, the client sent respondent a written request for his files and related documents; however, respondent failed to deliver the files as requested. The client was able to retrieve the files from the Attorney to Protect Clients' Interests after respondent was placed on interim suspension.

## Matter III

On August 18, 2010, respondent served a subpoena on a party in a case. The subpoena was signed by respondent as plaintiff, *pro se*. Respondent served the subpoena without the assistance of the clerk. See Rule 45(a)(3), SCRCP ("The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. An attorney as officer of the court may also issue and sign a subpoena on behalf of a court in which the attorney is authorized to practice."). However, at the time respondent served the subpoena, he was on interim suspension and not allowed to practice law.

## LAW

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a

---

2. *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982)(A *Treacy* letter points out that the failure to respond to ODC constitutes sanctionable conduct.)

3. The suit was not filed until April 2008.

lawyer shall keep the client reasonably informed about the status of the matter and promptly comply with reasonable requests for information); Rule 1.15 (a lawyer shall deposit into a client trust account unearned legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred; a lawyer shall promptly deliver to a client any funds or other property the client is entitled to receive and, upon request by the client, promptly render a full accounting); Rule 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred); Rule 8.1(b) (a lawyer, in connection with a disciplinary matter, shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits he has violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (It shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers.).

## CONCLUSION

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for six months from the date of this opinion. We deny respondent's request that the suspension be made retroactive to the date of his interim suspension. In addition, within thirty days of the date of this opinion, respondent shall (1) enter into a restitution agreement with ODC which provides for respondent's payment of restitution in the amount of $22,500 to the client in Matter I above and (2) enter into an agreement to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. Finally, respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School and Trust

Accounting School within one year of the date of this opinion. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**