716 S.E.2d 291

**In the Matter of Richard M. CAMPBELL, Respondent.**

**No. 27045.**

Supreme Court of South Carolina.

Heard Sept. 7, 2011.

Decided Sept. 26, 2011.

Lesley M. Coggiola, Disciplinary Counsel, Susan B. Hackett, Assistant Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Richard M. Campbell, of Greer, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension not to exceed two (2) years. *See* Rule 7(b), RLDE, Rule 413, SCACR. He requests the suspension be made retroactive to the date of his interim suspension.[1] In addition, respondent agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct in the investigation and prosecution of this matter within thirty (30) days of the imposition of discipline. We accept the Agreement and impose a definite suspension of one (1) year, retroactive to the date of respondent's

---

1. Respondent was placed on interim suspension on May 5, 2010. *In the Matter of Campbell*, 387 S.C. 550, 693 S.E.2d 401 (2010).

488

interim suspension. The facts, as set forth in the Agreement, are as follows.

### FACTS

#### Matter I

 On January 14, 2010, ODC received a complaint regarding respondent. The following day, ODC mailed a copy of the complaint to respondent and requested a response. The request was mailed to respondent's address on file with the South Carolina Bar.

On January 19, 2010, ODC met with respondent to informally discuss the complaint. During the meeting, respondent provided ODC with a different mailing address. By hand-delivery, ODC provided respondent with a copy of the complaint and request for a response.

On February 2, 2010, ODC received a response from respondent. Respondent's letter confirmed that his address was the one he provided ODC during the January 19, 2010, meeting.

On February 12, 2010, ODC mailed a letter asking for additional information to respondent. The letter was mailed to the address provided by respondent on January 19, 2010, and in his February 2, 2010, letter. ODC also informed respondent that his address on file with the South Carolina Bar had not been changed.

On March 5, 2010, ODC mailed respondent a reminder asking him to respond to the February 12, 2010, letter. This letter was mailed to respondent at the address provided during the January 19, 2010, meeting and in his February 2, 2010, letter. Receiving no response, ODC issued a Notice to Appear and Subpoena for documents on March 26, 2010. These documents were served on respondent by mail on March 29, 2010, and March 30, 2010. The Notice and Subpoena requested respondent's appearance and submission of documents on May 3, 2010. ODC mailed these documents to respondent's address on file with the South Carolina Bar and as provided during the January 19, 2010, meeting and in respondent's February 2, 2010, letter.

On May 3, 2010, respondent failed to appear to respond to questions under oath and failed to provide the subpoenaed documents. As a result of his failure to appear and provide the documents, the Court placed respondent on interim suspension on May 5, 2010.[2] *In the Matter of Campbell, id.*

## Matter II

 On April 17, 2009, respondent closed a refinance loan for Complainants. Soon thereafter, respondent's office called Complainants and scheduled an appointment for them to sign additional documents. Complainants appeared at respondent's office at the scheduled date and time. Respondent, however, did not appear for the appointment. After waiting for more than one hour, Complainants left the office. Complainants telephoned respondent on several occasions, but did not receive a response.

On April 19, 2010, the lender contacted Complainants about the note modification agreement. According to the lender, South Carolina law required that the Complainants' signatures on the note modification agreement be witnessed. The lender included the note modification agreement in its correspondence to Complainants.

When Complainants reviewed the note modification agreement, they realized they had not signed the document. According to the document, the note modification agreement supposedly occurred on May 6, 2009, and was notarized on June 25, 2009, purportedly by respondent's paralegal and sister.

Immediately upon receipt of the lender's request for a signed and witnessed note modification agreement, Complainants executed a note modification agreement with the proper witnesses and promptly returned the properly executed agreement to the lender.

Respondent represents he did not forge the names of the Complainants on the note modification agreement. He admits, however, that it was his responsibility to ensure the document contained Complainants' actual signatures.

---

**2.** ODC admits it is unable to prove the allegations in the underlying complaint by clear and convincing evidence.

On May 17, 2010, ODC mailed a copy of the complaint letter and requested a response within fifteen days. Receiving no response, ODC sent respondent a letter on June 7, 2010, reminding him of his obligation to respond and the fact that a failure to respond is a ground for discipline pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent received this letter as evidenced by his signature on the certified mail card.

Respondent did not respond to ODC's June 7, 2010, letter. On June 23, 2010, ODC issued a Notice to Appear pursuant to Rule 19(c), RLDE, and to provide a statement on the record. Respondent appeared and provided a statement; however, he did not submit a written response to the allegations of misconduct as requested by ODC's earlier letters.

## LAW

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct), Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully fail to appear personally as directed, willfully fail to comply with a subpoena issued under the RLDE, or knowingly fail to respond to a lawful demand from a disciplinary authority to include a request for a response or appearance), and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.3 (lawyer who possesses managerial authority in law firm shall make reasonable efforts to ensure that firm has in effect measures giving reasonable assurance that non-lawyer's conduct is compatible with the professional obligations of the lawyer; Rule 8.1 (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to the administration of justice).

## CONCLUSION

■ We accept the Agreement for Discipline by Consent and impose a definite suspension of one (1) year, retroactive to the date of respondent's interim suspension. In addition, within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission on Lawyer Conduct in the investigation and prosecution of this matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.