721 S.E.2d 775

**In the Matter of Brian Charles REEVE, Respondent.**

**No. 27050.**

Supreme Court of South Carolina.

Submitted Sept. 13, 2011.
Decided Oct. 10, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Brian C. Reeve, of Columbia, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed two (2) years. Respondent further agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission). In addition, he agrees to complete the Ethics School and Trust Account School portions of the Legal Ethics and Practice Program prior to seeking reinstatement. We accept the Agreement and impose a definite suspension of two (2) years. In addition, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this order. Respondent shall not seek reinstatement until he has completed the Ethics School and Trust Account School portions of the Legal Ethics and Practice Program. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

Respondent was admitted to the South Carolina Bar in 1983. In late 2009, he closed his law office and ceased practicing law. Although respondent initially notified the South Carolina Bar of his change of address, he since moved and failed to update his address with the Bar as required by Rule 410(e), SCACR. Respondent admits violating Rule 410(e), SCACR, and acknowledges that his failure to keep the Bar informed of his current address resulted in him not receiving some of ODC's inquiries in the matters discussed below.

### Matter II

In January of 2002, Complainant A bought a mobile home and land in Laurens County. In May of 2009, Laurens County served Complainant A with a back tax notice for the mobile home. Complainant A contacted Laurens County and was advised that the mobile home was not in Complainant A's name and that Complainant A needed a copy of the title. Complainant A's mortgage company forwarded all closing document to Complainant A, but there was no title for the mobile home.

Complainant A contacted respondent's office and was informed that Complainant A's file would need to be pulled from storage. Complainant A communicated with respondent's office directly and, later, through counsel, for several months. Respondent ultimately filed a corrective deed to resolve the issue, but failed to inform Complainant A that he had done so. Respondent admits he did not adequately communicate with Complainant A regarding this issue and closed his office without notice to Complainant A.

Respondent responded to ODC's initial inquiry regarding the letter of complaint. On April 15, 2010, ODC forwarded a Notice of Full Investigation to respondent regarding this matter via certified mail. The certificate of receipt was signed for and returned to ODC, but respondent failed to respond to the Notice of Full Investigation. On May 25, 2010, ODC forwarded a Notice to Appear and Subpoena to respondent regarding this matter via certified mail and regular first class

mail. Respondent was to appear before ODC on June 17, 2010.[1] Respondent did not appear pursuant to the Notice to Appear and did not send the documentation pursuant to the subpoena. He did, however, appear for an interview on October 6, 2010. Although he answered questions during his interview, he never submitted a written response to the Notice of Full Investigation.

## Matter III

During his practice, respondent was an agent for a title insurance company. The title insurance company filed a complaint against respondent and ODC forwarded the complaint and a Notice of Investigation to respondent. Respondent did not respond to the Notice of Investigation or to a reminder letter sent pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent also failed to appear for an interview scheduled on June 17, 2010, but did appear for an interview scheduled on October 6, 2010. Although respondent answered questions during his interview, he never provided ODC with a written response to the Notice of Investigation.

Thereafter, on two occasions, ODC sent respondent additional information received from the title insurance company and, on both occasions, respondent provided a written response. The title insurance company asserts respondent failed to remit $415.90, representing the company's portion of title insurance premiums on four closings. Respondent submits he believes he remitted all premiums due, but cannot establish payment because he failed to keep his financial records after closing his practice. Respondent submits that he closed his trust account after waiting to ensure all outstanding items had cleared.

## Matter IV

Respondent was the closing attorney on Complainant B's home purchase in 2005. After respondent closed his office, Complainant B determined she needed her file. Complainant

---

1. On June 28, 2010, the Court placed respondent on interim suspension. *In the Matter of Reeve*, 388 S.C. 175, 695 S.E.2d 172 (2010).

B made numerous unsuccessful attempts to locate respondent and her file before filing a complaint with ODC.

Respondent did not respond to ODC's Notice of Investigation or to the reminder letter sent pursuant to *In the Matter of Treacy, id.* Respondent never submitted a written response to the complaint.

Respondent appeared for an on-the-record interview on October 6, 2010. During the interview, respondent admitted that, although he was aware Complainant B was trying to retrieve her file, he made no effort to ensure she received her file or its contents.

## *LAW*

Respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); Rule 1.15(d) (lawyer shall promptly deliver to client or third person any funds or other property that the client or third person is entitled to receive); Rule 1.16(d) (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect client's interests, including surrendering papers and property to which the client is entitled); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 8.1 (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); and Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct). In addition, respondent admits he has violated the recordkeeping provisions of Rule 417, SCACR. Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of two (2) years. Within thirty (30) days of the date of this order, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter. Respondent shall not seek reinstatement until he has completed the Ethics School and Trust Account School portions of the Legal Ethics and Practice Program. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.