# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of David Paul Reuwer, Respondent.

Appellate Case No. 2016-001495

Opinion No. 27688
Submitted November 16, 2016 – Filed December 7, 2016

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Kelly B. Arnold, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

David Paul Reuwer, of Camden, *Pro Se*.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the issuance of a confidential admonition or a public reprimand. As a condition of discipline, respondent agrees to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School within nine months of imposition of a sanction. Respondent also agrees to submit his monthly bank statement, reconciliation report, and trial balance report for his trust account for a period of one year following the imposition of a sanction. We accept the Agreement, subject to the aforementioned conditions, and issue a public reprimand.[1]   The facts, as set forth in the Agreement, are as follows.

---

[1] Respondent has a disciplinary history that consists of a letter of caution with a finding of minor misconduct, issued in 2005, which cites Rule 8.4(e) of the Rules of Professional Conduct (RPC), Rule 407, SCACR (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice); a letter of caution with no finding of misconduct,

# Facts

## Matter A

Respondent provided legal services to Client A with regards to obtaining a name change for the client's minor child.  Client A paid respondent a non-refundable retainer fee of $500 pursuant to a fee agreement that indicated "name change" as the legal service respondent would be providing.  Respondent did not provide any further written explanation as to the specific legal services he would or would not be providing in connection with the name change.  Client A believed the services provided would include obtaining an amended birth certificate for the minor child.  Respondent represents that he orally explained to Client A that legal services provided in connection with the name change did not include obtaining the amended birth certificate but that he would assist Client A in doing so.  Respondent has no documentation regarding his conversation with Client A.

Despite respondent's unsuccessful attempts to resolve the matter by agreement with the opposing party, respondent did not request a final hearing until five months after the attempts at an agreement failed.  According to Client A, respondent failed to notify her of the final hearing date until the day before the hearing.  Respondent represents Client A was given notice of the hearing earlier, but he has no documentation of the prior notice.  Respondent also failed to serve the opposing party with notice of the hearing.  The hearing was re-scheduled, after which Client A paid respondent an additional $501.30 for the filing fee, court costs, and guardian *ad litem* fees.

Documentation respondent subsequently submitted to the Department of Vital Records at the Department of Health and Environmental Control was not complete and respondent failed to satisfy requests for additional information.  Respondent

issued in 2010, which cites Rule 1.4, RPC (a lawyer shall reasonably consult with the client, keep the client reasonably informed and promptly comply with reasonable requests for information); a letter of caution with no finding of misconduct, issued in 2010, citing Rule 1.3, RPC (a lawyer shall act with reasonable diligence and promptness in representing a client) and Rule 1.4, supra; a letter of caution with a finding of minor misconduct, issued in 2010, citing Rule 8.4, RPC (setting forth what constitutes professional misconduct); and a letter of caution with no finding of misconduct, issued in 2010, citing Rule 1.3, supra, Rule 1.4, supra, and Rule 3.2, RPC (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client).  See Rule 2(r), RLDE (the fact that a letter of caution has been issued may be considered in a subsequent disciplinary proceeding against the lawyer if the caution or warning contained in the letter of caution is relevant to the misconduct alleged in the proceedings).

represents he communicated with the Department of Vital Records by telephone several times, but he has no documentation regarding those communications. While initially respondent assisted and advised Client A in obtaining the amended birth certificate, he later decided to require additional payment from Client A for those legal services; however, he failed to inform Client A of his decision in a timely manner.

At times, respondent failed to respond to Client A's reasonable requests for information about the status of the matter, including the status of the amended birth certificate. When Client A's attempts to contact respondent by telephone and email were unsuccessful, she went to respondent's office without an appointment. Respondent represents he informed Client A she would have to pay for his assistance in obtaining the amended birth certificate. Respondent stopped communicating with Client A regarding the amended birth certificate when she refused to further compensate respondent.

Respondent also represented Client A in a child custody action. Client A paid respondent a non-refundable retainer fee of $500 pursuant to an agreement that indicated "child custody" was the legal service being provided. Respondent did not provide any further written explanation as to the specific legal services he would or would not be providing with regard to the action. Respondent represents he agreed to appear with Client A on her *pro se* child custody contempt action against the father of her minor son, but respondent has no documentation related to his specific legal services.

During a hearing in the action, respondent repeatedly stated he would prepare a proposed order, circulate the order among the parties, and then forward it to the judge for review and signature. Respondent represents he was negotiating a co-parenting agreement with the child's father on Client A's behalf and intended the order to also reflect the parties' agreement; however, when the parties failed to reach an agreement, respondent failed to prepare the proposed order, and to date, over two and a half years after the hearing, has not prepared a proposed order.

At times, respondent failed to respond to Client A's reasonable requests for information about the status of the child custody case, including inquiries about the missing court order. Respondent eventually decided to terminate his representation of Client A, but failed to inform her of his decision in a timely manner and stopped communicating with her about the case.

## Matter B

Respondent represented Client B in her capacity as personal representative of her deceased brother's estate. Client B paid respondent a non-refundable retainer fee of $1,500 pursuant to a fee agreement that indicated "probate of dec. brother" was the legal service being provided by respondent. Client B believed this included representing the estate. Respondent did not provide any further written explanation as to the specific legal services he would or would not be providing to Client B. Respondent represents he orally communicated to Client B that he was only representing her as the personal representative and not the estate; however, respondent has no documentation of those communications.

Respondent deposited the fee directly into his operating account even though he had not yet fully provided the service associated with the fee. Because respondent did not have a written advance fee agreement containing all of the language required by Rule 1.5(f), RPC, and received the fee in advance of performing the work, respondent violated Rule 1.15, RPC, by failing to deposit the unearned fee into his trust account. Client B paid additional fees, as requested by respondent.[2]

At times, respondent failed to respond to Client B's reasonable requests for information about the status of the case and failed to timely file required documents with the probate court, which led Client B to release respondent from his representation. Respondent failed to provide Client B with her file despite verbal and written requests.

Client B's new counsel requested the file by letter and by telephone, and arrangements were made to drop the file off at new counsel's office; however, respondent informed new counsel he needed to make copies of the file in light of Client B's complaint in this disciplinary matter and that he would not be returning the file as previously scheduled. Over the next month, Client B's new counsel attempted by certified letters and voice mail messages to re-schedule a time to retrieve the file, but respondent did not respond to the letters or the messages. Respondent eventually called Client B's new counsel and stated he had to provide the file to ODC for an upcoming hearing. Thereafter, Client B's new counsel sent a

---

[2] In response to a subpoena for all records required by Rule 417, SCACR, respondent provided copies of some of Client B's checks but did not document Client B's billing and therefore did not have any copies of bills for legal fees or expenses to provide during the investigation. Respondent also did not maintain copies of records of deposit or cancelled checks in this matter and therefore did not have them to provide during the disciplinary investigation.

staff member to respondent's office to retrieve the file without success. Respondent represents he told the staff member she could return the next day to pick up the file, and the file was in fact retrieved at that time. Upon review of the file, ODC discovered original documents relevant to the probate matter and to Client B personally.

Respondent also represented Client B as a closing attorney in a residential real estate purchase transaction. In response to a subpoena issued by ODC for all records required by Rule 417, SCACR, respondent provided the HUD-1 settlement statement and copies of disbursement checks regarding the closing but did not maintain reconciliation reports and therefore did not have them to provide during this investigation. Respondent did not reconcile his trust account in the manner required by Rule 417, SCACR, and particularly as described in Comment 5 to Rule 1 of that rule.[3]

A notice of investigation was mailed to respondent; however, he failed to respond to the complaint. Respondent did submit a written response after receipt of a Treacy letter.[4]

## Law

Respondent admits his conduct in these matters violates the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(a)(a lawyer shall abide by a client's decisions concerning the objectives of representation and consult with the client as to the means by which they are to be pursued); Rule 1.3, supra; Rule 1.4, supra; Rule 1.5(f)(requirements for advance fees); Rule 1.15(a)(a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property; complete records of such account funds and other property shall be kept by the lawyer and preserved for a period of six years after termination of the representation; a lawyer shall

---

[3] Comment 5 states: "The potential for these records to serve as safeguards is realized only if the procedures set forth in Rule 1(i) are regularly performed. The trial balance is the sum of balances of each client's ledger card (or the electronic equivalent). Its value lies in comparing it on a monthly basis to a control balance. The control balance starts with the previous month's balance, then adds receipts from the Trust Receipts Journal and subtracts disbursements from the Trust Disbursements Journal. Once the total matches the trial balance, the reconciliation readily follows by adding amounts of any outstanding checks and subtracting any deposits not credited by the bank at month's end. This balance should agree with the bank statement. Monthly reconciliation is required by this rule."

[4] In the Matter of Treacy, 277 S.C. 514, 290 S.E.2d 240 (1982).

comply with Rule 417, SCACR); Rule 1.15(c)(a lawyer shall deposit into a client trust account unearned legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred, unless the lawyer and the client have entered into a written agreement concerning the handling of fees paid in advance pursuant to Rule 1.5(f)); Rule 1.15(d)(upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person, shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property); Rule 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fees or expenses that have not been earned or incurred; the lawyer may retain papers relating to the client to the extent permitted by other law and may retain a reasonable nonrefundable retainer); Rule 3.2, supra; Rule 8.1(b)(a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); and Rule 8.4(e), supra.

Respondent also admits his conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Respondent shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School within nine months of the date of this opinion. Respondent shall also submit his monthly bank statement, reconciliation report, and trial balance report for his trust account to ODC for a period of one year from the date of this opinion.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**