# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of David Alan Harley, Respondent.

Appellate Case No. 2021-001481

---

Opinion No. 28083
Submitted January 20, 2022 – Filed February 9, 2022

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

David Alan Harley, of Greer, Pro Se.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition or a public reprimand.  We accept
the Agreement and issue a public reprimand.  The facts, as set forth in the
Agreement, are as follows.

## I.

## Matter A

On February 5, 2016, Client A hired and paid Respondent $4,000 for
representation in a civil matter.  Client A terminated the representation on March
31, 2016, and requested an accounting and refund of any unearned fees.  On April
16, 2016, Respondent refunded $1,120 of unearned fees to Client A, but despite

several requests from Client A, Respondent failed to timely provide an accounting.

ODC mailed Respondent a supplemental notice of investigation on August 10, 2016, requesting a written response in fifteen days. Respondent failed to submit a written response to the supplemental notice of investigation.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.15(d) (requiring a lawyer to promptly render an accounting of property held in trust upon request by a client); and Rule 8.1(b) (prohibiting a knowing failure to respond to an ODC inquiry).

## Matter B

Two clients (Clients) hired Respondent on August 27, 2015, to render an expert opinion regarding a malpractice action that Clients intended to file against their previous attorneys. Respondent spoke to Clients and gave his final opinion but later agreed to provide the final opinion in writing. Respondent provided Clients with a rough draft of an expert opinion letter on November 6, 2015. On numerous occasions between July 10, 2016, and November 1, 2016, Respondent informed Clients that the finalized opinion letter had been drafted and would be sent to them. However, Respondent failed to deliver a written expert opinion letter to Clients.

ODC mailed Respondent a notice of investigation on November 30, 2016, requesting a response within fifteen days. On April 7, 2017, served Respondent with a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. ODC received Respondent's response on December 11, 2020.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.3 (requiring diligence); and Rule 8.1(b) (prohibiting a knowing failure to respond to an ODC inquiry).

## Matter C

Client C and his wife retained and paid Respondent $5,000 in 2015 for representation in a civil action against a school district. Pursuant to the written fee agreement, Respondent agreed to provide a monthly accounting of any work

performed on the case; however, Respondent failed to provide an accounting at any point during the representation.

Client C and his wife terminated Respondent's representation in the summer of 2017 and hired new counsel. Client C and his wife requested that Respondent issue a complete refund of their initial retainer. On June 28, 2017, Respondent informed Client C and his wife that he had processed their refund and accounting, but Respondent indicated he was in the hospital at that time. On June 30, 2017, Respondent informed Client C and his wife that he had sent them a check. Client C and his wife did not receive the check and made several attempts over a period of eight months to contact and meet with Respondent regarding their refund. Respondent issued a complete refund of the retainer in February 2018.

ODC mailed Respondent a notice of investigation on March 2, 2018, requesting a response within fifteen days. On May 7, 2018, ODC served Respondent with a *Treacy* letter, again requesting Respondent's response. ODC received Respondent's response on May 1, 2019.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.3 (requiring diligence); and Rule 8.1(b) (prohibiting a knowing failure to respond to an ODC inquiry).

## Matter D

On February 6, 2018, Respondent retained the services of a private investigator to conduct a variety of investigative services. The investigator sent Respondent three invoices in April 2018, two of which Respondent paid in full within thirty days. The third invoice was dated April 5, 2018, and totaled $715.86. Respondent disputed some of the charges but paid the undisputed amount of $195 on April 17, 2019.

ODC mailed Respondent a notice of investigation on September 18, 2018, requesting a written response. On November 21, 2018, ODC served Respondent with a *Treacy* letter, again requesting Respondent's response. The certified *Treacy* letter was returned to ODC unclaimed. ODC received Respondent's response to the notice of investigation on April 19, 2019.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 8.1(b) (prohibiting a knowing failure to respond to an ODC inquiry); and Rule 8.4(e) (prohibiting conduct

prejudicial to the administration of justice).

**Matter E**

In December 2018, Client E hired and paid Respondent $6,000 for representation in a civil action involving a school district. Respondent failed to adequately communicate with Client E about the status of her pending case. Unsatisfied with Respondent's representation, Client E terminated the representation by letter dated January 12, 2019, and requested a refund of her unused retainer.

On January 16, 2019, Respondent promised to return Client E's retainer within nine days. On February 14, 2019, Client E received a check from Respondent in the amount of $4,125 representing the unused retainer. Client E requested an accounting from Respondent with an itemization of the fees earned. Respondent failed to provide the requested accounting to Client E.

Client E filed a fee dispute with the South Carolina Bar's Resolution of Fee Disputes Board and was awarded a refund of her entire $6,000 retainer. On August 7, 2019, Respondent paid Client E the remaining $1,875.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.3 (requiring diligence); Rule 1.4 (requiring adequate communication); Rule 1.5(a) (prohibiting unreasonable fees); and Rule 1.15(d) (requiring a lawyer to promptly render an accounting of property held in trust upon request by a client).

**II.**

Respondent admits his misconduct in the above matters is grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is a ground for discipline).

In his affidavit in mitigation, Respondent explains that, at the time of his misconduct, he suffered from recurring serious health issues which required emergency surgery and multiple subsequent hospitalizations. Although these conditions resulted in continuing health complications, Respondent asserts his health conditions are well-managed at this time.

**III.**

We find Respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. Within nine months, Respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**