762 S.E.2d 28

**In the Matter of James Watson SMILEY, IV, Respondent.**

Appellate Case No. 2014–000911.

No. 27426.

Supreme Court of South Carolina.

Heard July 9, 2014.

Decided July 30, 2014.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

James K. Holmes, of The Steinberg Law Firm, LLP, of Charleston, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand. In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of imposition of a sanction and to complete the Legal Ethics and Practice Program Trust Account School within six (6) months of the imposition of a sanction. We accept the Agreement, issue a public reprimand, and order respondent to pay the costs incurred in the investigation and prosecution of this matter within thirty (30) days of the date of this opinion and to complete the Legal Ethics and Practice Program Trust Account School within six (6) months of the date of this opinion. The fact, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Respondent appeared in federal court to address allegations that he had failed to respond to a summons from the United

States Internal Revenue Service concerning his tax liability. Although the underlying question of respondent's cooperation was resolved, respondent acknowledged to the court that his office files and accounts were not in good order as a result of personnel issues. Concerned, the judge reported respondent to ODC.

Respondent did not respond to ODC's written request for six months of trust account records or a written reminder of the outstanding request. ODC then issued a subpoena to respondent for ten months of his trust account records. Through counsel, respondent provided partial bank statements for the six months originally requested. He did not provide any receipt and disbursement journals, client ledgers, or reconciliation reports as demanded in the subpoena, records he was required to maintain pursuant to Rule 417, SCACR.

While ODC was trying to obtain respondent's Rule 417 records, respondent wrote himself a trust account check for earned fees; the check was returned for nonsufficient funds. Respondent issued and negotiated the check immediately after depositing the client's corresponding check into his trust account on a Friday afternoon. Although the client's check met the definition of good funds, respondent admits he should not have drawn against the deposit immediately because he was informed by bank staff and a note on the deposit receipt that the funds would not be available until the next business day, a Tuesday.

Respondent did not respond to the Notice of Investigation concerning the non-sufficient funds until after receiving a reminder letter. In addition to being untimely, respondent's response was incomplete and did not include all of the records requested. ODC again requested, but did not receive, the missing records. Respondent did not provide the records because he did not have them, but his failure to explain this fact prolonged the investigation. Although his trust account had little activity and there is no indication of misappropriation, respondent was not keeping adequate records as required by Rule 417, SCACR.

## Matter II

On October 14, 2010, John Doe retained respondent to represent him on charges of speeding, driving under suspen-

sion, second offense, and presenting a suspended driver's license. Respondent received notice from the court for a docket sounding scheduled for May 2, 2011. Mr. Doe and two of respondent's other clients were on the docket, but respondent failed to place Mr. Doe's appearance on his calendar and, thus, failed to notify Mr. Doe of the appearance.

Respondent appeared for the docket sounding and realized Mr. Doe's case was on the docket. He then confused Mr. Doe's file with that of another client. Respondent attempted to contact the other client, but the client's phone number was no longer in service. Respondent negotiated a plea that included dismissal of Mr. Doe's charge of presenting a suspended driver's license and advised the court of the plea agreement. Respondent incorrectly advised the court that he had discussed the plea with Mr. Doe. The court accepted the plea and sentenced Mr. Doe to sixty days imprisonment or payment of a fine. Additionally, at respondent's request, the court granted Mr. Doe fifteen days to establish a payment plan. Respondent told the court he would write Mr. Doe a letter advising him of the plea and the deadline to set up the payment plan, but failed to send the letter.

Mr. Doe learned of his convictions when he received a letter in the mail from the Department of Motor Vehicles discussing his driving privileges as a result of the convictions. After several unsuccessful attempts to reach respondent, Mr. Doe contacted the court and explained what happened. The Court permitted Mr. Doe to set up a payment plan for the fine and court costs. The guilty pleas were reopened at respondent's request and the driving under suspension charge was ultimately dismissed and expunged.

During ODC's investigation, respondent failed to respond to a request for additional information until he received multiple reminders.

### Matter III

In ten additional investigations, respondent responded to one or more written inquiries from ODC only after receiving the reminder letters. Although the investigation of the underlying allegations did not reveal clear and convincing evidence of misconduct, respondent admits he failed to fully cooperate.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.2 (lawyer shall abide by client's decisions concerning objectives of representation); Rule 1.4 (lawyer shall promptly inform client of any decision or circumstance to which client's informed consent is required); Rule 1.15(f) (lawyer shall not disburse funds from trust account unless funds have been collected); Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). Respondent further admits he violated the recordkeeping requirements of Rule 417, SCACR.

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to lawful demand from disciplinary authority to include request for response).

## *Conclusion*

We find respondent's misconduct warrants a public reprimand.[1] Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Further, within six (6) months of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Trust Account School and shall submit documenta-

---

1. Respondent's prior disciplinary history includes a confidential admonition issued in 2005 and four letters of caution issued between 2000 and 2009 warning him to be careful to adhere to some of the specific Rules of Professional Conduct cited in the current proceeding. *See* Rule 2(r), RLDE (fact that letter of caution has been issued shall not be considered in a subsequent disciplinary proceeding against lawyer unless the caution or warning contained in letter of caution is relevant to the misconduct alleged in proceedings); Rule 7(b)(4), RLDE (admonition may be used in subsequent proceedings as evidence of prior misconduct solely upon issue of sanction to be imposed).

tion of completion to the Commission no later than ten (10) days after the conclusion of the program. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.