# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of James Watson Smiley, IV, Respondent.

Appellate Case No. 2020-001315

Opinion No. 28024
Submitted March 26, 2021 – Filed April 21, 2021

**DEFINITE SUSPENSION**

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Julie K. Martino, both of Columbia,
for the Office of Disciplinary Counsel.

James Watson Smiley, IV, of Charleston, Pro Se.

**PER CURIAM:**   In this attorney disciplinary matter, formal charges were filed against Respondent on September 5, 2019, alleging he committed misconduct in failing to timely perfect an appeal, failing to correct various deficiencies the South Carolina Court of Appeals ordered him to correct, and failing to respond to inquiries by the Office of Disciplinary Counsel (ODC).  Based on this misconduct and Respondent's prior history of failing to respond to ODC in a timely manner, a panel of the Commission on Lawyer Conduct (Panel) recommended a four-month suspension.  Neither Respondent nor ODC have filed exceptions to the Panel report.  We find Respondent committed misconduct and impose a four-month definite suspension.

## I.

Respondent was admitted to the Bar in 1993 and has always been a criminal defense trial lawyer, primarily in a one-person law firm.  The complaint at issue in

this matter stems from his representation of a client on a motion for reconsideration following an *Alford* plea.[1]  Respondent did not represent the client at the time of the plea, but he was later hired by the client's mother to handle the motion for reconsideration.  Following the denial of the motion for reconsideration, the client wished to appeal.  Although Respondent attempted to file and serve a notice of appeal and motion to be relieved as counsel, it was untimely and lacked the Rule 203(d)(1)(B)(iv), SCACR, explanation demonstrating there is a reviewable issue, which is required in appeals from an *Alford* plea.  Over the next four months, the Court of Appeals wrote Respondent several letters explaining the deficiencies and how to correct them and warned Respondent that his request to be relieved as counsel could not be considered until the required explanation was received.  However, Respondent incorrectly believed the Appellate Division of the South Carolina Commission on Indigent Defense had taken over the matter and that he was merely being provided courtesy copies of the letters; therefore, he did not open or take any action on them.  Thereafter, the Court of Appeals issued an order directing Respondent to file the required explanation within ten days or the appeal would be dismissed.  Respondent failed to take the action ordered by the Court of Appeals, and due to Respondent's neglect, the client's appeal was dismissed.

The client subsequently filed a complaint with ODC, which sent Respondent a Notice of Investigation.  Respondent's response was thirteen days late.[2]  Likewise, his response to ODC's request for follow-up information was thirty-six days late.

At the Panel hearing, Respondent admitted he failed to properly perfect the client's appeal or take the actions the Court of Appeals directed him to take.  He also admitted he failed to timely respond to ODC's inquiries in this matter, and in the matters involved in his disciplinary history.[3]  Respondent expressed remorse and

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] In the meantime, ODC sent Respondent a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), via certified mail; however, Respondent failed to sign for the certified copy of the letter.

[3] Respondent's disciplinary history includes a 2014 Public Reprimand, citing the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.1 (competence); Rule 1.2 (abide by client decisions concerning objectives of representation); Rule 1.4 (communication); Rule 1.15(f) (not disbursing funds from trust account until funds are collected); Rule 8.1(b) (failure to respond to

maintained that his failure to respond was not willful; rather, he contended it was because he is a busy trial lawyer and he struggles to carve out time to open his mail, file correspondence, or otherwise mind the administrative aspects of his practice. He also explained that he had never before handled an appeal from a plea and admitted that things went awry when he failed to put together his typical "appeal packet."

## II.

We find Respondent's conduct violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.1 (competence); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 3.4(c) (knowing failure to comply with rules of a tribunal); Rule 8.1(b) (failure to respond to ODC inquiry); and Rule 8.4(e) (conduct prejudicial to the administration of justice). We further conclude Respondent's conduct violated the Lawyer's Oath in Rule 402(h)(3), SCACR.

This misconduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement in Rule 413, SCACR: Rule 7(a)(1) (violation of the Rules of Professional Conduct); Rule 7(a)(3) (failure to respond to ODC); Rule 7(a)(5) (conduct tending to pollute the administration of justice); Rule 7(a)(6) (violating the Lawyer's Oath); and Rule 7(a)(7) (willful violation of valid order from Court of Appeals).

Accordingly, we impose a definite suspension of four months with the following conditions: (1) prior to being reinstated, Respondent must appear before the Committee on Character and Fitness and complete the Legal Ethics and Practice Program Law Office Management School; and (2) upon reinstatement, Respondent must enter into and comply with a contract with a Law Office Monitor selected by Counsel to the Commission on Lawyer Conduct (Commission), timely pay the Monitor's fee, and file monthly reports from the Monitor with the Commission for a period of one year.

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days of the date of this opinion, Respondent shall: (1)

---

ODC inquiry); and Rule 8.4(e) (conduct prejudicial to the administration of justice). *In re Smiley*, 409 S.C. 256, 762 S.E.2d 28 (2014).

31

make restitution to his client in the amount of $1,000; and (2) pay or enter into a reasonable payment plan with the Commission to pay the costs of these disciplinary proceedings.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**