# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Douglas Andrew Gaines, Respondent.

Appellate Case No. 2019-001667

Opinion No. 27931
Submitted November 8, 2019 – Filed November 27, 2019

## DEFINITE SUSPENSION

John S. Nichols, Disciplinary Counsel, and Ericka M.
Williams, Senior Assistant Disciplinary Counsel, both of
Columbia, for the Office of Disciplinary Counsel.

Douglas Andrew Gaines, of Anderson, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of a
definite suspension not to exceed two years.  We accept the Agreement and
suspend Respondent from the practice of law in this state for two years, retroactive
to July 24, 2018, the date of his interim suspension. *In re Gaines*, 424 S.C. 16, 817
S.E.2d 632 (2018).  The facts, as set forth in the Agreement, are as follows.

## Facts

*Matter I*

Respondent was retained by Kenneth and Sharon Smith to represent their
company, Dakota Finance, LLC (Dakota Finance), in a civil action.  The Smiths
paid Respondent a $3,000 retainer.  On May 26, 2017, Respondent filed a

summons and complaint on behalf of Dakota Finance. The defendant filed an answer and counterclaim on July 18, 2017.

On August 18, 2017, Respondent contacted counsel for the defendant and requested a ten-day extension to answer or otherwise plead to the counterclaim. Defense counsel granted the extension, making the reply to the counterclaim due on August 28, 2017. On September 20, 2017, Respondent contacted defense counsel and left a message indicating the reply to the counterclaim would be filed on September 21, 2017. On October 3, 2017, defense counsel filed an affidavit of default based on Respondent's failure to file a reply to the counterclaim. On October 6, 2017, Respondent filed a reply to the counterclaim.

On November 10, 2017, Sharon Smith, on behalf of Dakota Finance, sent Respondent a letter terminating Respondent's representation and requesting a detailed invoice for services rendered, the client file, and a refund of the retainer fee paid. Respondent failed to timely provide these items.

On April 2, 2018, the case came before the circuit court on the non-jury motion roster. Respondent was given electronic notice of the hearing as he was still the attorney of record for Dakota Finance. Respondent failed to notify defense counsel or the circuit court that he was in the process of being relieved as counsel in the case. Respondent did not appear at the hearing and also failed to notify the Smiths or their new attorney of the hearing. On April 3, 2018, the circuit court granted an order of default as to the defendant's counterclaims due to the failure of Respondent and the Smiths to appear at the April 2, 2018 hearing.

On June 29, 2018, a notice to appear before Disciplinary Counsel on July 19, 2018, and a subpoena commanding Respondent bring two client files to his appearance were personally served on Respondent by the South Carolina Law Enforcement Division. However, Respondent failed to appear to respond to questions under oath or provide the subpoenaed files. On July 29, 2018, ODC mailed Respondent a supplemental notice of investigation to Respondent's address on file with the Attorney Information System (AIS). The supplemental notice of investigation was returned unclaimed.

*Matter II*

In 2009, Lou Moreno retained Respondent to represent him in a civil action captioned *Lou Moreno and Tracy Grant v. Rob Elsberry* (the Moreno/Grant

lawsuit). Mr. Moreno paid Respondent a $3,500 retainer. On June 9, 2010, Respondent signed a consent order staying the action and transferring the claims to binding arbitration. The executed order was filed on June 28, 2010. However, since 2010, Respondent has failed to (1) take any meaningful action in the case, (2) expedite the litigation consistent with the interest of his client, or (3) keep Mr. Moreno reasonably informed regarding the status of his case.

In 2008, NGM Insurance Company (NGM) issued a commercial general liability insurance policy to Robert Elsberry (d/b/a Five Starr Construction), the defendant in the Moreno/Grant lawsuit Respondent filed in 2009. On October 8, 2010, NGM filed a suit for declaratory judgment against Mr. Moreno and others (the NGM lawsuit), in an effort to avoid any potential liability arising out of the previously filed Moreno/Grant lawsuit.

The summons and complaint in the NGM lawsuit were served on Respondent as counsel for Mr. Moreno and Ms. Grant. However, Respondent failed to inform Mr. Moreno. On or about September 23, 2011, Respondent consented to a stipulation of dismissal in the NGM lawsuit without consulting with Mr. Moreno.

On March 7, 2018, Mr. Moreno sent a certified letter to Respondent terminating Respondent's services and requesting his complete client file and a refund of unused retainer funds. Respondent failed to respond to Mr. Moreno's request for his client file and failed to return any unused retainer fees.

A notice of investigation was emailed to Respondent and sent to his physical and post office box addresses on file with AIS requesting a response within fifteen days. When Respondent failed to respond within the allotted time period, ODC mailed certified letters pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), to Respondent's physical and post office box addresses again requesting a response to the notice of investigation. Respondent failed to submit a written response to the notice of investigation.

*Matter III*

On September 29, 2011, Respondent was retained by James G. Clarke to represent TM Equity Company in the handling of a foreclosure action on a property in Belton, South Carolina. Respondent was paid a $2,500 retainer and an additional $500 for estimated fees. Since 2011, Respondent has failed to (1) take any meaningful action in the case, (2) expedite the litigation consistent with the

interests of his client, or (3) keep Mr. Clarke reasonably informed regarding the status of the case.

On April 18, 2018, Respondent was placed on administrative suspension for failing to file a report showing his compliance with the continuing legal education requirements pursuant to Rule 408, SCACR, for the reporting year ending in February 2018. Following his administrative suspension, Respondent failed to refund the unused portion of the fees to Mr. Clarke.

Respondent also failed to respond to both ODC's initial notice of investigation and a subsequent *Treacy* letter.

## Law

Respondent admits that by his conduct he has violated Rules 1.1 (competence); 1.2(a) (scope of representation and allocation of authority); 1.3 (diligence); 1.4 (communication); 1.16(d) (declining or terminating representation); 3.2 (expediting litigation); 3.4(c) (fairness to opposing party and counsel); 8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority); and 8.4(e) (engaging in conduct prejudicial to the administration of justice), RPC, Rule 407, SCACR.

Respondent also admits the above allegations constitute grounds for discipline under Rules 7(a)(1) (violating the Rules of Professional Conduct); 7(a)(3) (knowingly failing to respond to a lawful demand from a disciplinary authority, including a request for a response); and 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), RLDE, Rule 413, SCACR.

## Conclusion

We find Respondent's misconduct warrants a definite suspension from the practice of law in this state for two years. Accordingly, we accept the Agreement and suspend respondent for a period of two years, retroactive to the date of his interim suspension.

Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission), or

enter into a reasonable payment plan with the Commission, within sixty (60) days of the date of this opinion.  Additionally, Respondent shall enter into a restitution repayment plan within sixty (60) days of the date of this opinion for the payment of restitution to James Clarke in the amount of $3,000 and to Lou Moreno in the amount of $3,500, and for reimbursement of the Lawyers' Fund for Client Protection for any claims paid on Respondent's behalf.

We also take this opportunity to remind Respondent that, prior to seeking reinstatement, he must demonstrate his compliance with Rule 33, RLDE, Rule 413, SCACR (reinstatement following a definite suspension of nine months or more), including completion of the Legal Ethics and Practice Program Ethics School within one year prior to filing a petition for reinstatement.

Finally, within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR (duties following suspension).


**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**