# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Daniel Crawford Patterson, Respondent.

Appellate Case No. 2021-000730

---

Opinion No. 28054
Submitted August 12, 2021 – Filed August 25, 2021

---

### DEFINITE SUSPENSION

---

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

Daniel Crawford Patterson, of Easley, Pro Se.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a definite suspension ranging from nine months to three years.
We accept the Agreement and suspend Respondent from the practice of law in this
state for eighteen months.  The facts, as set forth in the Agreement, are as follows.

### I.

### Matter A

On February 17, 2014, Respondent was retained to represent Client A in a
foreclosure matter.  Respondent was paid a $1,000 retainer fee by Client A's son.
Respondent failed to respond to multiple messages and telephone calls seeking an

update on the case. Client A retained another attorney to write Respondent and request the return of the client file and any unearned legal fees.

Respondent failed to respond to the notice of investigation or the supplemental notice of investigation. Subsequently, ODC sent Respondent a reminder letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). After no response from Respondent, ODC served Respondent with a subpoena and notice to appear for an on-the-record interview scheduled for September 30, 2014. Respondent failed to appear for the on-the-record interview. On October 6, 2014, Respondent submitted a written response and acknowledged that he should have handled Client A's case more diligently. Respondent subsequently contacted Client A and issued a full refund.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring reasonable diligence); Rule 1.4 (requiring reasonable and prompt communication); and Rule 8.1(b) (prohibiting a knowing failure to respond to a disciplinary inquiry).

**Matter B**

In November 2012, Client B entered into an agreement and paid Respondent a $12,000 retainer fee for all legal services from November 12, 2012, through December 1, 2013. In the beginning of the relationship, Respondent responded promptly and worked diligently. However, beginning in February 2013, Respondent failed to maintain reasonable communication with Client B. In May and June 2013, the communication issues persisted, and Client B could not receive any information about several pending legal matters. In July 2013, Respondent contacted Client B and apologized for his lack of communication. Respondent requested the opportunity to continue working on the cases. Client B agreed to continue the attorney-client relationship.

On November 29, 2013, Client B paid Respondent another $12,000 retainer fee for all legal services from December 1, 2013, through March 31, 2015. In the beginning of 2014, Respondent returned phone calls, reviewed contracts, and drafted documents. However, beginning in April 2014, Respondent failed to return several messages from Client B or provide status updates on Client B's pending legal issues. Respondent failed to respond to the notice of investigation or subsequent *Treacy* letter. Several months later, on October 6, 2014, Respondent

submitted a written response and acknowledged his communication failures in Client B's matters.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring reasonable diligence); Rule 1.4 (requiring reasonable and prompt communication); and Rule 8.1(b) (prohibiting a knowing failure to respond to a disciplinary inquiry).

## Matter C

On December 30, 2013, Client C paid Respondent a $12,000 retainer fee to handle all legal services from January 2014 through December 2014. On March 7, 2014, a complaint was filed against Client C. Client C provided the complaint to Respondent within seven days. However, Respondent failed to file an answer for almost three months. A hearing was scheduled for July 1, 2014, but Respondent failed to appear for the hearing. The court entered a judgment against Client C in the amount of $7,580.

Client C was unaware of the July 1, 2014 hearing date and did not learn Respondent had missed the hearing until Client C received notice from the civil division of the Greenville County Sheriff's Department in September 2014. Respondent failed to return several phone calls from Client C. In October 2014, Client C finally made contact with Respondent. Respondent acknowledged he had "dropped the ball" and indicated he would "make it right."

Respondent failed to respond to the initial notice of investigation, and a *Treacy* letter was sent on February 19, 2015. On March 24, 2015, ODC received a written response from Respondent acknowledging his misconduct and committing to make Client C whole. Respondent has now made full restitution to Client C.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring reasonable diligence); Rule 1.4 (requiring reasonable and prompt communication); and Rule 8.1(b) (prohibiting a knowing failure to respond to a disciplinary inquiry).

## Matter D

In August 2013, Client D retained Respondent to file articles of incorporation for his new business. Respondent assured Client D he would accomplish the task

within the next month.  Respondent failed to return several messages from Client D seeking an update on the incorporation of his business.  In May 2014, Client D finally received notification from the Secretary of State that his business had been incorporated.  The Secretary of State informed Client D that all official documents had been sent to Respondent.  From May 2014 until February 2015, Client D attempted numerous times to contact Respondent to obtain the incorporation documents.  Respondent failed to return any of Client D's calls.  Respondent failed to respond to the notice of investigation.  Following a February 26, 2015 *Treacy* letter, Respondent submitted a written response to ODC on March 24, 2015.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.3 (requiring reasonable diligence); Rule 1.4 (requiring reasonable and prompt communication); and Rule 8.1(b) (prohibiting a knowing failure to respond to a disciplinary inquiry).

## Matter E

Respondent failed to respond to a notice of investigation or subsequent *Treacy* letter concerning his alleged violation of a family court order.[1]  On February 10, 2017, ODC issued a subpoena and notice to appear, which was returned having been marked "moved left no address, unable to forward."  Respondent failed to appear for the on-the-record interview scheduled for March 14, 2017.  Respondent was subsequently placed on interim suspension for failing to cooperate with the disciplinary investigation.[2]  *In re Patterson*, 419 S.C. 279, 798 S.E.2d 159 (2017).

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR:  Rule 8.1(b) (prohibiting a knowing

---

[1] We note any failure to make certain payments under the family court order is not a basis for this Court's imposition of discipline.

[2] Respondent was also administratively suspended for failing to pay his bar dues and comply with continuing legal education requirements.  *In re Admin. Suspensions for Failure to Pay License Fees*, S.C. Sup. Ct. Order dated Feb. 21, 2017 (Shearouse Adv. Sh. No. 8); *In re Admin. Suspensions for Failure to Comply with Continuing Legal Educ. Requirements*, S.C. Sup. Ct. Order dated Apr. 20, 2017 (Shearouse Adv. Sh. No. 17).

failure to respond to a disciplinary inquiry); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

## Matter F

At the time Respondent was placed on interim suspension, Peyre T. Lumpkin was appointed as Receiver to protect the interests of Respondent's clients. On April 20, 2017, the Receiver reported to the Commission on Lawyer Conduct (Commission) that Respondent had failed to cooperate with the Receiver as required by Rule 31(d)(1), RLDE, Rule 413, SCACR. On May 3, 2017, the Chairman of the Commission issued an order directing Respondent to cooperate with the Receiver. The Commission attempted service of the order, but the South Carolina Law Enforcement Division was unable to locate Respondent. Respondent admits his conduct in this matter was prejudicial to the administration of justice in violation of Rule 8.4(e), RPC, Rule 407, SCACR.

## Matter G

The Receiver was never able to contact or communicate with Respondent, and the Receiver was relieved on March 8, 2018. *In re Patterson*, S.C. Sup. Ct. Order dated Mar. 8, 2018. In this order, this Court directed Respondent to reimburse the Lawyers' Fund for Client Protection within thirty days for the payment of fees and costs to the Receiver. On April 30, 2018, the Commission reported that Respondent had failed to reimburse the Lawyers' Fund for Client Protection as ordered. Respondent has now made full restitution and admits his conduct was prejudicial to the administration of justice in violation of Rule 8.4(e), RPC, Rule 407, SCACR.

## II.

Respondent also admits his conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (willfully violating a valid order of the Supreme Court or Commission on Lawyer Conduct); and 7(a)(5) (engaging in conduct tending to pollute the administration of justice).

## III.

We accept the Agreement and definitely suspend Respondent from the practice of law in this state for a period of eighteen months, retroactive to March 21, 2017, the date of his interim suspension. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days of the date of this opinion, Respondent shall pay or enter into a reasonable plan to repay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Respondent shall also complete the Legal Ethics and Practice Program Ethics School within one year of submitting a petition for reinstatement.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**