# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of George Harold Hanlin, Respondent.

Appellate Case No. 2024-001799

Opinion No. 28248
Submitted November 25, 2024 – Filed December 18, 2024

### DEFINITE SUSPENSION

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Phylicia Yvette Christine
Coleman, both of Columbia, for the Office of
Disciplinary Counsel.

George Harold Hanlin, of Columbia, pro se.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, agrees to pay
costs, and consents to the imposition of a confidential admonition, a public
reprimand, or a definite suspension of up to six months.  We accept the Agreement
and suspend Respondent from the practice of law in this state for six months.  The
facts, as set forth in the Agreement, are as follows.

## I.

Respondent was admitted to practice in 1989, and he has no prior disciplinary
history.  This Agreement involves nine complaints filed between September 27,
2021, and January 5, 2024.

## Matter A

Clients A (Husband and Wife) hired Respondent to handle some estate planning work for them. Specifically, Husband hired Respondent on February 14, 2020, to establish a revocable trust (Trust) and other estate planning documents and paid Respondent $1,925. Respondent was notified that Wife also wanted estate planning work done and entered an amended fee agreement with both clients on March 6, 2020. Husband and Wife paid Respondent an additional payment of $1,025 for adding Wife's matter. Respondent met with both clients on August 13, 2020, to sign the estate planning documents establishing the Trust. Respondent stated that he would be back in touch regarding the asset transfers to the Trust. Respondent did not discuss anything further with Husband and Wife until April 2021, eight months later, when Wife contacted him. Respondent's last communication with Clients A was on August 2, 2021. Clients A filed their complaint against Respondent on September 27, 2021. Husband notified ODC on December 7, 2021, that they had obtained new counsel.

Respondent represents that from November 21, 2021, through January 2022, he was away taking care of his elderly father and stepmother. Respondent represents that he did not contact any clients, including Clients A, to inform them that communication may be limited during this time or to otherwise plan to ensure his clients' legal matters were being handled. Respondent admits he failed to timely complete the asset review and transfers of Husband's estate planning project. Respondent acknowledges he failed to act with reasonable diligence in carrying out the representation of Clients A. Respondent also admits he failed to keep Clients A reasonably informed as to the status of their matters and failed to promptly communicate with them. Respondent refunded Clients A unearned fees in the amount of $1,200.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR: Rule 1.3 (requiring diligence); and Rule 1.4 (requiring timely and adequate communication).

## Matter B

Client B hired Respondent to assist with the probate administration process of her mother's estate and paid Respondent $2,015 on July 1, 2021. As of February 3, 2022, the date of Client B's complaint, Client B had been unable to reach Respondent by email or telephone. Respondent emailed Client B on March 15, 2022, after receiving ODC's Notice of Investigation, apologizing for not being in

contact as he should have.  Respondent further explained in his email that he had been tending to his elderly father.  Respondent's email indicated he returned to the office at the end of January 2022 and was behind in his work as a result of being away.  Respondent offered to continue the representation or return Client B's funds.

Respondent represents that he performed substantial work on Client B's matter. While he was away taking care of his elderly parents, Respondent did not contact any clients, including Client B, to inform them that communication may be limited while he was away.  Respondent represents that he was later diagnosed with COVID-19 and never followed-up with Client B.  Respondent represents that he has since tried to contact Client B regarding the return of unearned fees but he has been able to reach her.  Respondent admits he failed to act with reasonable diligence in carrying out the representation of Client B and failed to adequately communicate with Client B regarding her legal matter.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR:  Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); and Rule 1.16(d) (requiring a lawyer to return unearned fees upon termination of representation).

**Matter C**

Client C hired Respondent on December 15, 2021, to review his estate plan. Respondent met with Client C in February 2022 and again on April 14, 2022. On April 14, 2022, Respondent reviewed Client C's will, healthcare power of attorney, durable general power of attorney, and Memorandum of Personal and Household Effects for any needed revisions.  The will, healthcare power of attorney, and durable general power of attorney were all signed, witnessed, and notarized on April 14, 2022.  As of the date of the complaint—July 18, 2022—Client C had not received the signed documents back from Respondent.

On August 10, 2022, four months after Client C's documents had been executed, Respondent mailed and emailed Client C all of the original signed documents. Respondent represents he submitted the durable general power of attorney to Lexington County for recording.  Respondent acknowledges he failed to act with reasonable diligence in carrying out his representation of Client C and failed to communicate with Client C in a timely manner regarding his legal matter.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR: Rule 1.3 (requiring diligence); and Rule 1.4 (requiring timely and adequate communication).

**Matter D**

Client D hired Respondent on May 15, 2022, and paid Respondent $2,817 to probate his aunt's estate and have him appointed as the personal representative. In order to proceed with the probate process, Respondent requested that Client D provide certain documentation, which Client D provided to Respondent by June 24, 2022. Client D emailed Respondent on July 29, 2022, August 10, 2022, and August 12, 2022, requesting a status update. Respondent did not respond to any of the emails. Client D filed a complaint with Disciplinary Counsel on August 17, 2022.

The York County Probate Court issued a Certificate of Appointment naming Client D as the personal representative of his aunt's estate on August 17, 2022. Respondent emailed the Certificate of Appointment to Client D on August 22, 2022. On November 12, 2022, Client D notified ODC that he had been unable to contact Respondent since mid-October 2022. ODC issued Respondent a Supplemental Notice of Investigation on January 26, 2023. A response was due within fifteen days. On April 4, 2023, when no response was received, ODC sent Respondent a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent subsequently appeared before ODC on June 8, 2023, pursuant to Rule 19(c), RLDE, Rule 413, SCACR, and gave testimony under oath.

Respondent was informed during his appearance that a written response was still needed for the January 2023 Supplemental Notice of Investigation by June 16, 2023. On June 16, 2023, Respondent requested and was granted an extension until June 21, 2023, to submit his supplemental response. On July 10, 2023, ODC emailed Respondent inquiring about the supplemental response and requiring a response by July 21, 2023. When no response was received, ODC sent Respondent a certified letter to his primary address in the Attorney Information System (AIS) on August 7, 2023, again requiring a response to the supplemental notice of investigation by August 18, 2023. The signed receipt was returned to ODC on August 14, 2023. Respondent failed to file a written response to the Supplemental Notice of Investigation, despite several extensions and reminders.

A second Notice to Appear was served on Respondent on September 19, 2023, requiring him to appear before ODC on October 12, 2023. The Notice to Appear

was sent via certified mail to Respondent's primary AIS address. ODC received the signed receipt on October 2, 2023. Respondent failed to appear.

A third Notice to Appear was personally served upon Respondent by the South Carolina Law Enforcement Division on October 18, 2023. This notice required Respondent to appear before ODC on November 8, 2023. Despite personal service, Respondent failed to appear as required. Respondent was placed on interim suspension on November 15, 2023. *In re Hanlin*, 441 S.C. 511, 894 S.E.2d 819 (2023).

Client D ultimately obtained new counsel and requested that Respondent refund any unearned fees. Client D also filed an application with the Resolution of Fee Disputes Board. Respondent admits he failed to provide his client with competent and diligent representation by failing to meet court deadlines, including the failure to file the Inventory and Appraisement for the Estate by the required deadline of November 17, 2022.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR: Rule 1.1 (requiring competence); Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); Rule 1.16(d) (requiring a lawyer to return unearned fees upon termination of representation); and Rule 8.1(b) (requiring a lawyer to respond to a lawful demand for information from a disciplinary authority).

## Matter E

Clients E (Husband and Wife) hired Respondent on March 14, 2022, for an estate planning matter. Respondent prepared two assignments, two memoranda, two durable general powers of attorney, two wills, and two trusts. After meeting with Respondent on several occasions, on June 10, 2022, Clients E reviewed and signed the durable general power of attorney documents and Husband signed a healthcare power of attorney. The other documents required additional revisions and were not signed. Respondent failed to record the durable general powers of attorney that were signed on June 10, 2022. After several failed attempts to contact Respondent, Clients E filed a complaint with ODC on February 10, 2023.

Respondent subsequently appeared before ODC on June 8, 2023, pursuant to Rule 19(c), RLDE, Rule 413, SCACR, and gave testimony under oath. A second Notice to Appear was served on Respondent on September 19, 2023, requiring him to appear before ODC on October 12, 2023. The Notice to Appear was sent via

certified mail to Respondent's primary AIS address. ODC received the signed receipt on October 2, 2023. Respondent failed to appear.

A third Notice to Appear was personally served upon Respondent by the South Carolina Law Enforcement Division on October 18, 2023. This notice required Respondent to appear before ODC on November 8, 2023. Despite personal service, Respondent failed to appear as required. Respondent was placed on interim suspension on November 15, 2023. *In re Hanlin*, 441 S.C. 511, 894 S.E.2d 819 (2023).

Respondent represents that the period of time during which Clients E could not get in touch with him was approximately sixty to ninety days. Respondent admits he failed to act with reasonable diligence, failed to adequately communicate, and failed to provide competent representation by failing to file the durable powers of attorney. Respondent also failed to return unearned fees to Clients E.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR: Rule 1.1 (requiring competence); Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); and Rule 1.16(d) (requiring a lawyer to return unearned fees upon termination of representation).

## Matter F

Client F hired Respondent on December 11, 2022, to file probate documents and assist with the administration of her parents' estates. Client F mailed Respondent her parents' original wills and death certificates, along with payment of $4,304. Client F made multiple attempts to contact Respondent for status updates via text message, email, and telephone, to no avail. On January 17, 2023, Respondent sent Client F a draft of an Application to be Named as Personal Representative for each of her parents, as well as a draft inventory and appraisement for each of her parents. After receiving these draft documents, Client F became increasingly unsatisfied with Respondent's non-responsiveness, and in an email to Respondent, she stated, "I am not feeling reassured. . . . it took a month and a half and many requests to you just to get confirmation that you received my parents' wills." On January 20, 2023, Client F emailed Respondent to terminate the relationship, requested her parents' documents back, and requested a refund. Respondent replied to Client F informing her he would return her parents' original wills and death certificates that day or over the weekend.

Client F followed up with Respondent on January 30, 2023, February 6, 2023, February 8, 2023, and February 9, 2023. Respondent did not respond to any of Client F's emails. Client F filed a complaint with ODC on February 13, 2023. Respondent returned Client F's original documents to her around March 2023 but failed to refund Client F any unearned fees. Respondent admits he failed to act with reasonable diligence in representing Client F and failed to communicate and respond to reasonable requests for information from Client F.

Respondent subsequently appeared before ODC on June 8, 2023, pursuant to Rule 19(c), RLDE, Rule 413, SCACR, and gave testimony under oath. Respondent represents that although he did return the wills and death certificates to Client F, there was a delay in sending these documents.

A second Notice to Appear was served on Respondent on September 19, 2023, requiring him to appear before ODC on October 12, 2023. The Notice to Appear was sent via certified mail to Respondent's primary AIS address. ODC received the signed receipt on October 2, 2023. Respondent failed to appear.

A third Notice to Appear was personally served upon Respondent by the South Carolina Law Enforcement Division on October 18, 2023. This notice required Respondent to appear before ODC on November 8, 2023. Despite personal service, Respondent failed to appear as required. Respondent was placed on interim suspension on November 15, 2023. *In re Hanlin*, 441 S.C. 511, 894 S.E.2d 819 (2023).

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR: Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); and Rule 1.16(d) (requiring a lawyer to return unearned fees upon termination of representation).

## Matter G

Client G hired Respondent on January 11, 2023, to draft a business succession contract to include the drafting of a simple will, Memorandum of Tangible Personal Property, durable general power of attorney, and a healthcare power of attorney. The fee agreement also included Respondent's responsibility to record the general power of attorney with the Greenville County Register of Deeds Office. Respondent was paid $1,525 on January 13, 2023. Respondent met with Client G on March 4, 2023, to review Client G's will, healthcare power of attorney, and

durable general power of attorney. All of the documents were signed, witnessed, and notarized on March 4, 2023. Respondent retained the documents to scan and file with the Greenville County Probate Court; however, the documents were never filed.

Client G emailed Respondent on August 5, 2023, to find out the next steps in the process, to inquire whether the will had been filed, and to notify Respondent that he had not received a copy of the executed will. Respondent did not respond to Client G's email. Client G emailed Respondent again on September 4, 2023, inquiring about the will, but again, Respondent failed to respond. Client G emailed Respondent on September 15, 2023, requesting a copy of the executed will and provided Respondent with an address to mail the will, but again, Respondent failed to respond. On October 19, 2023, Client G filed a complaint with ODC. Respondent was placed on interim suspension on November 15, 2023. *In re Hanlin*, 441 S.C. 511, 894 S.E.2d 819 (2023).

Respondent admits he failed to act with reasonable diligence in carrying out the representation of Client G and that he failed to respond to reasonable requests for information regarding Client G's matter. Additionally, Respondent admits he failed to return any unearned fees to Client G.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR: Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); and Rule 1.16(d) (requiring a lawyer to return unearned fees upon termination of representation).

**Matter H**

Client H hired Respondent on August 31, 2023, to handle the settlement of his grandparents' estate. Client H paid Respondent $8,150 for the representation. On December 8, 2023, Client H filed a complaint with ODC alleging that, as of the date of the complaint, Respondent had not provided any updates, submitted any documents, or taken any action on Client H's case. Respondent did not refund Client H any unearned fees.

ODC mailed Respondent a Notice of Investigation on December 13, 2023, requiring a response within fifteen days. On January 9, 2024, ODC emailed Respondent reminding him of his overdue response and requiring a response within five days. When no response to the Notice of Investigation was received,

ODC served Respondent with a *Treacy* letter on January 23, 2024. Respondent failed to submit a response to the Notice of Investigation in this matter, despite several reminders. Respondent admits he failed to provide competent representation, act with reasonable diligence and promptness, and keep Client H informed regarding the status of his matter.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR: Rule 1.1 (requiring competence); Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); Rule 1.16(d) (requiring a lawyer to return unearned fees upon termination of representation); and Rule 8.1(b) (requiring a lawyer to respond to a lawful demand for information from a disciplinary authority).

**Matter I**

Client I hired Respondent in August 2023 to probate his mother's estate. Client I paid Respondent $2,000. On January 5, 2024, Client I filed a complaint with ODC alleging he spoke with Respondent only three or four times before Respondent's interim suspension in November 2023 and that Respondent failed to initiate the probate process for Client I's mother's estate. Additionally, Client I informed ODC that the probate court had no record of Respondent representing him, despite Client I having signed a fee agreement and returning it to Respondent. Respondent did not refund Client I any unearned fees and has not provided any documentation indicating he began work on Client I's matter.

ODC mailed Respondent a Notice of Investigation on January 10, 2024, requiring a response within fifteen days. On January 9, 2024, ODC emailed Respondent reminding him of his overdue response and requiring a response within ten days. When no response to the Notice of Investigation was received, ODC served Respondent with a *Treacy* letter on February 21, 2024. Respondent failed to submit a response to the Notice of Investigation in this matter despite several reminders.

Respondent admits his conduct in this matter violated the following provisions of the Rules of Professional Conduct of Rule 407, SCACR: Rule 1.1 (requiring competence); Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); Rule 1.16(d) (requiring a lawyer to return unearned fees upon termination of representation); and Rule 8.1(b) (requiring a lawyer to respond to a lawful demand for information from a disciplinary authority).

## II.

Respondent admits his misconduct as set forth above constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct constitutes a ground for discipline); Rule 7(a)(3) (providing that a knowing failure to appear under Rule 19(c)(3), RLDE, constitutes a ground for discipline); Rule 7(a)(5) (providing that conduct tending to bring the legal profession into disrepute and conduct demonstrating an unfitness to practice law constitutes a ground for discipline).

In the Agreement, Respondent agrees to pay costs, and consents to the imposition of a confidential admonition, a public reprimand, or a definite suspension of up to six months. Respondent requests that any definite suspension be imposed retroactively to the date of his interim suspension on November 15, 2023, and ODC does not object to that. Respondent also agrees to attend LEAPP Ethics School and to pay costs and restitution to seven clients. Respondent also agrees to engage a law office management advisor for two years, with quarterly reports submitted to the Commission on Lawyer Conduct.

## III.

Based on the number and nature of the complaints against Respondent, we find a definite suspension of six months is an appropriate sanction for Respondent's misconduct. Accordingly, we accept the Agreement and suspend Respondent from the practice of law for a period of six months, retroactive to the date of his interim suspension on November 15, 2023.

As a condition of discipline, Respondent must complete the Legal Ethics and Practice Program Ethics School within one year. In the event Respondent is reinstated to the practice of law, he shall, within thirty days of reinstatement, retain a law office management advisor approved by the Commission for a period of two years. Respondent shall meet with the advisor to conduct a thorough review of Lawyer's law office management practices. The advisor shall submit a report to the Commission containing an analysis of and recommendations concerning Respondent's law office management practices within ninety days of being retained. For the remainder of the two-year period, Respondent shall meet with the advisor on at least a quarterly basis, and the advisor shall submit quarterly reports to the Commission. Respondent is responsible for payment of the advisor and for timely submission of the advisor's reports to the Commission.

Within thirty days of the date of this opinion, Respondent shall: (1) pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission; and (2) enter into a restitution agreement with the Commission for the payment of restitution of unearned fees to Client B, Client D, Clients E, Client F, Client G, Client H, and Client I. Prior to seeking reinstatement, Respondent must reimburse the Lawyers' Fund for Client Protection for all claims paid on Respondent's behalf.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**